Opinion issued January 8, 2009 

















In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00005-CV

____________


RIMKUS CONSULTING GROUP, INC., Appellant


V.


CONCIERGE CARE NURSING CENTERS, INC., HOUSTON
CONCIERGE CARE, L.P., KEY EQUIPMENT FINANCE, INC. F/K/A KEY
CORPORATE CAPITAL, INC., MAUREEN GAUGHAN, CHAPTER 7
BANKRUPTCY TRUSTEE OF ROBERT A. RUSSELL, BAY 4 CAPITAL
PARTNERS, INC., CLAIRE AND BROCK STROM, AND EDWARDS L.
ABRAMS LIVING TRUST, Appellees






On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2002-15652






MEMORANDUM OPINION

 Rimkus Consulting Group, Inc. ("Rimkus"), seeks to challenge the trial court's
interlocutory order striking its petition in intervention. Rimkus contends that the trial 
court erred in striking its petition in intervention. 

 We dismiss the appeal for lack of jurisdiction.

Background

 On August 13, 2007, Rimkus (1) filed a petition in intervention, asserting that in
July 2001 Rimkus had agreed to provide expert witness services to Concierge Care
Nursing Centers, Inc. ("Concierge") in a dispute involving the design and
construction of a nursing care facility. Over the next few months, Rimkus
investigated defects in the nursing care facility in order to determine potentially liable
parties to be named in Concierge's lawsuit. By April 2002, Concierge owed Rimkus
$111,202.03 and was not making payments according to an agreed payment plan. As
a result of this nonpayment, Rimkus suspended its work and withheld its work
product. Rimkus did not continue its work until it received a letter, written by
Concierge's attorney, representing that Rimkus would be "paid preferentially . . .
from the proceeds [Concierge] receives in the Lawsuit." Attached to this letter was
a document, signed by Concierge, acknowledging the debt that Concierge owed and
agreeing to pay Rimkus monthly installments of $10,000.00. 

 In the ensuing lawsuit, Concierge reached settlement agreements with some of
the defendants resulting in a settlement fund. On August 21, 2006, the trial court
entered an order distributing the settlement funds that Concierge had already received
(and additional funds that Concierge would potentially receive) to various creditors.

 In its petition to intervene, Rimkus alleged that it had a "superior right to these
[settlement] funds up to the indebtedness owed." The creditors and Concierge filed
a motion to strike Rimkus's petition in intervention, which the trial court granted on
December 4, 2007. On December 31, 2007, Rimkus filed its notice of appeal.Jurisdiction Over Rimkus's Appeal

 Rimkus argues that the trial court erred in striking its petition to intervene in
the lawsuit because it had met its burden of showing a justiciable interest in the issue
before the trial court. Appellees argue that because the order striking Rimkus's
petition to intervene is interlocutory, Rimkus's appeal is premature and must be
dismissed for lack of jurisdiction.

 Generally, appellate courts have jurisdiction to hear an appeal only if it is from
a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A
final judgment is one which disposes of all legal issues between all parties. Id. An
appellate court lacks jurisdiction to immediately review an interlocutory order unless
a statute specifically authorizes an exception to the general rule that appeals may only
be taken from final judgments. Qwest Commc'ns Corp. v. AT & T Corp., 24 S.W.3d
334, 336 (Tex. 2000); Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998);
Metromedia Long Distance, Inc. v. Hughes, 810 S.W.2d 494, 499 (Tex. App.--San
Antonio 1991, writ denied) (order dismissing or striking petition in intervention may
not be appealed by intervenor before rendition of final judgment, unless statute
explicitly provides for appeal). No statute provides for an interlocutory appeal of an
order dismissing or striking a petition in intervention. Daniels v. Texas, No. 01-07-00120-CV, 2008 WL 458370, at *1 (Tex. App.--Houston [1st Dist.] Feb. 21, 2008,
no pet.); Barrett v. Barrett, No. 14-03-00373-CV, 2004 WL 1925972, at *1 (Tex.
App.--Houston [14th Dist.] Aug. 31, 2004, no pet.) (per curiam); Metromedia, 810
S.W.2d at 499. 

 Here, there is nothing in the record to indicate that the trial court has entered
a final judgment in the underlying matter, and no severance order appears in the
record. Because the order striking Rimkus's intervention is interlocutory, Rimkus
may not appeal until the trial court renders a final judgment disposing of all legal
issues between all parties.

Conclusion

 We dismiss the appeal for lack of jurisdiction.


 


 Terry Jennings

 Justice


Panel consists of Justices Jennings, Hanks, and Bland.
1. Rimkus is a forensic engineering firm that provides expert witness and consultation
services including catastrophic storm damage assessments, construction defect and
property loss analyses, fire cause and origin investigations, industrial loss evaluations,
vehicle accident reconstructions, and business interruption claims reviews.