### Ex parte Betty JORDAN.

### No. C–9384.

### Supreme Court of Texas.

### April 18, 1990.

Clinard J. Hamby, Houston, for relator.

John Mayer, Houston, and Bradford E. Morris, Stafford, for respondent.

### PER CURIAM.

This is an original habeas corpus proceeding. By an order dated November 2, 1989, the 151st district court of Harris county appointed Michael J. Wood receiver of the business assets of Betty Jordan (relator), her husband, and several businesses owned or controlled by them. The order required Key Oil Company, plaintiff in the underlying cause of action,[1] to post a $50,-000 bond and Wood to post a $5,000 bond.

---

**1.** The nature of the underlying cause of action is not totally clear from the record before us.

See Tex.Civ.Prac. & Rem.Code § 64.023. On November 9, 1989 the district court ordered the Jordans to surrender to Wood their business headquarters located at 5210 Oates Road in Houston and forty-five specifically described trucks. On November 17, 1989 the district court issued a 14–day temporary restraining order that, among other things, instructed the Jordans not to enter the 5210 Oates Road premises and to disclose to Wood the location of the trucks listed in the November 9 order. The temporary restraining order did not require any new bond but instead recited:

> Pursuant to the order appointing the receiver, the Plaintiff, Key Oil Company, filed a bond in the amount of $50,000.00 and the Receiver filed a bond in the amount of $5,000.00, payable to the [Jordans], conditioned and approved as required by law. These bonds are adequate to protect the [Jordans], and no additional bond is needed for this Temporary Restraining Order.

On November 22, 1989, the district court issued a temporary injunction that kept the earlier temporary restraining order in effect until final judgment in the underlying case.

On November 29, Wood filed a motion for contempt alleging, among other things, that (1) Betty Jordan was present at the 5210 Oates Road premises for brief periods on November 21, 25, and 26 in violation of the temporary restraining order; (2) that she removed from those same premises on November 21 a "1984 Peterbilt tractor and attached trailer" in violation of the November 9 order; and (3) that, in violation of the temporary restraining order, she had failed to disclose to him the location of all the vehicles listed in the November 9 order. The district court heard evidence on the motion on December 26, found Jordan in contempt for the violations previously cited, and ordered her confined for seven days. The court also ordered Jordan confined thereafter until she purged herself of contempt by delivering to Wood, among other things, copies of insurance policies on the vehicles listed in the November 9 order.

## Punitive Contempt

▊ Jordan argues that she cannot be punished for her appearance at the 5210 Oates Road location in violation of the temporary restraining order because that order is void. She argues the order is void because it does not require a separate bond as required by Tex.R.Civ.P. 684. We agree. *Ex Parte Lesher*, 651 S.W.2d 734 (Tex.1983). Because only one term of confinement was assessed for more than one act of contempt and at least one of those acts was not punishable by contempt, the entire judgment of punitive contempt is void. *Ex Parte Davila*, 718 S.W.2d 281 (Tex.1986); *Ex Parte Lee*, 704 S.W.2d 15 (Tex.1986).

## Coercive Contempt

▊ Jordan argues next that she cannot be ordered confined until she delivers the relevant insurance policies to Wood because, as the record reflects, there is no complaint in the contempt motion regarding her delivery of those insurance policies. Again, we agree. *Ex Parte Adell*, 769 S.W.2d 521 (Tex.1989). And, again, because the coercive contempt was assessed for several acts and at least one of those acts could not have coercive contempt assessed regarding it, the entire judgment of coercive contempt is void. *Ex Parte Davila, supra.*

Pursuant to Tex.R.App.P. 122, a majority of the Court holds the district court's actions finding relator in contempt and committing her to jail are contrary to this Court's opinions and, without hearing oral argument, orders relator discharged.