11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Alan Gibson

Appellant

Vs.                   No.
11-01-00185-CV B Appeal from Dawson County 

Connie Walker, Co-Executrix of the Estate of
Doris King, Deceased

Appellee

 

The issue
in this case is whether an injunction, designated as a ATemporary Injunction,@ in an order signed by the trial court is
void because the order does not require a bond as required by TEX.R.CIV.P. 684.

Connie
Walker, as Co-Executrix of the Estate of Doris King, Deceased, sued Alan
Gibson, alleging that Gibson, a tenant of farmland owned by the Doris King
Estate, had no authority to use or occupy the land for the year 2001.  Walker alleged that Gibson unlawfully
entered upon the land on March 29, 2001, and began plowing the land.  Walker requested the court to permanently
enjoin Gibson from entering the property and to award Walker damages.








Walker
filed her petition for injunction and damages on March 30, 2001.  In her petition, Walker requested the court
to issue a temporary restraining order. 
On March 30, 2001, the court issued a temporary restraining order
commanding Gibson to refrain from entering the property from the date of the order
until the 14th day after entry of the order or until further order of the
court.  In the restraining order signed
by the court, the court ordered Walker to execute and file with the clerk of
the trial court a proper bond in the amount of $500.  The court also ordered Gibson to appear for a Atemporary injunction@ hearing on April 13, 2001.  The $500 bond was filed on March 30,
2001.  The bond was incomplete in that
the clerk of the court did not sign or approve the bond.  The clerk filed an affidavit with this court
on July 6, 2001, wherein the clerk stated that she Aforgot@ to sign the bond and that it was an Aunintentional@
oversight on her part.  We also note
that the $500 bond contained only one surety. 
Rule 684 requires that the bond have two or more good and sufficient
sureties.  For the purposes of this
appeal, we will assume that the $500 bond filed pursuant to the restraining
order was valid.

A proper
extension order was entered by the court on April 10, 2001, extending the
temporary restraining order and ordering Gibson to appear on April 24, 2001, to
show cause why a Atemporary
injunction@ should not be issued as requested by
Walker.  On April 24, 2001, the parties
appeared; and, following a hearing, the trial court signed on May 7, 2001, the ATemporary Injunction@ in issue. 
The court found that Gibson did not have a lease on or have a right to
use or occupy the land in question for the year 2001.  The court also found that Gibson was not entitled to use or
occupy the land and that Gibson should not in any way impede Walker from enjoying
full and exclusive use of the land to the exclusion of Gibson.  The court did not require in the order a
separate bond to be filed in connection with the temporary injunction.

The Texas
Supreme Court has consistently held that the requirement in Rule 684 (that in
the order granting any temporary restraining order or temporary injunction, the
court shall fix the amount of security to be given by the applicant) is
mandatory and that an order of injunction without a bond is void on its face.  Ex parte Lesher, 651 S.W.2d 734 (Tex.1983);
Lancaster v. Lancaster, 291 S.W.2d 303, 308 (Tex.1956); see Qwest
Communications Corporation v. AT & T Corporation, 24 S.W.3d 334 (Tex.2000);
Ex parte Jordan, 787 S.W.2d 367 (Tex.1990). 
The $500 bond filed pursuant to the court=s temporary restraining order will not satisfy the requirement that a
separate bond be properly ordered by the court and filed by the applicant if
the court issues a temporary injunction. 
Ex parte Jordan, supra.  We
disagree with Walker=s
argument that the injunction signed on May 7, 2001, was a permanent
injunction.  The orders and notices from
the court clearly reflect that Gibson was required to appear on April 24 for a
hearing on a Atemporary injunction.@  When
confronted with a somewhat similar argument, the court in Qwest Communications
Corporation v. AT & T Corporation, supra, recently stated:

Because the trial court=s order places restrictions on Qwest and is
made effective immediately so that it operates during the pendency of the suit,
it functions as a temporary injunction.

 








We hold
that the temporary injunction signed by the trial court on May 7, 2001, is
void; therefore, it is dissolved. 
InterFirst Bank San Felipe v. Paz Construction Company, 715 S.W.2d 640,
641 (Tex.1986).  We deny Walker=s motion for sanctions.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

October 18, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.