**CITY OF SHERMAN, Texas, Appellant/Real Party in Interest**

v.

**Shawn EIRAS, et al., Appellees/Relators.**

No. 05–05–00338–CV.

Court of Appeals of Texas, Dallas.

March 17, 2005.

Charles W. Rowland, Jr., City Attorney, Sherman, for appellant.

Robert E.L. Richardson, Sherman, for appellees.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION AND ORDER

CAROLYN WRIGHT, Justice.

The Court suspends the rules of appellate procedure and immediately submits the appeal of the temporary injunction without briefs and oral argument. TEX. Rs.APP. P. 2 and 28.3.

The temporary injunction contained in the clerk's record does not include a setting for trial on the merits as required by civil procedure rule 683. TEX.R. CIV. P. 683. The failure to meet the requirements of civil procedures rules 683 and 684 renders a temporary injunction subject to being declared void. *Qwest Communications Corp. v. A T & T Corp.*, 24 S.W.3d 334, 337 (Tex.2000) (per curiam). A temporary injunction which does not include a setting for trial on the merits on a specific date is void. *EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex.App.-San Antonio 2002, no pet.). An appellate court can declare a temporary injunction void even if the issue has not been raised by the parties. *Id.* We conclude the temporary injunction signed by the trial court on March 3, 2005 is void because it fails to include a specific date for trial on the merits. Accordingly, the Court **REVERSES** the temporary injunction signed March 3, 2005. The Court **ORDERS** the trial court to enter an order dissolving the temporary injunction signed March 3, 2005.

The petition for writ of mandamus remains pending before the Court. The Court's order issued March 15, 2005 insofar as its sets a briefing schedule and date for submission for the original proceeding remains in effect. The Court's order issued March 16, 2005 for notification of the date the ballots will be printed remains in effect.