

# NUMBER 13-06-00396-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

RICARDO J. GARCIA,          Appellant,

**v.**

MIGUEL LONGORIA,          Appellee.

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

This is a temporary injunction case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp. 2007) (allowing for an interlocutory appeal from a ruling on a temporary injunction); TEX. R. APP. P. 28.1 (stating that such appeals are accelerated). By two issues, appellant, Ricardo J. Garcia, asks this Court to declare a temporary injunction

order enjoining him from executing a judgment against appellee, Miguel Longoria, void because the injunction was not supported by evidence and because it fails to comply with rules 683 and 684 of the Texas Rules of Civil Procedure.[1]  *See* TEX. R. CIV. P. 683, 684. We reverse the order, dissolve the temporary injunction, and remand.

In June 2006, appellee sought a temporary injunction.[2]  On June 15, 2006, the trial court enjoined appellant from taking possession of appellee's "homestead" and from selling or from taking any action to sell appellee's "personal property levied upon by the sheriff pursuant to a writ of execution issued in this matter."  The order reasoned that if these acts were not restrained, Longoria would "suffer irreparable injury because [he would] wrongfully lose ownership of his homestead."  The order did not set the case for a trial on the merits.  The order did not fix the amount of the bond.

Texas Rule of Civil Procedure 683 states that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits . . . ."  TEX. R. CIV. P. 683.  The procedural requirements of rule 683 are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved.  *Qwest Commc'n Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam) (citing *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam) (explaining that rule 683's requirements are mandatory and are to be strictly construed)).  In addition, rule 684 provides that in the order granting a

---

[1]Appellee has not filed a brief in this matter..

[2]Although the document filed was titled "Application for Restraining Order," its substance was that of a request for a temporary injunction, and we will treat it as such.  *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding); *see also* TEX. R. CIV. P. 71 (explaining how to handle the misnomer of a pleading), 680 (setting out the rule for a temporary restraining order), 681 (explaining form and scope of an injunction).

temporary injunction, "the court shall fix the amount of security to be given by the applicant." TEX. R. CIV. P. 684; *see Ex parte Jordan*, 787 S.W.2d 367, 368 (Tex. 1990) (per curiam) (concluding that an order for temporary injunction was void where no bond was required). Because the order did not set the cause for trial on the merits and did not fix the amount of security required, we conclude that it is void. *See City of Sherman v. Eiras*, 157 S.W.3d 931, 931 (Tex. App.–Dallas 2005, orig. proceeding) (ordering trial court to enter order dissolving temporary injunction where order did not comply with rule 683). Appellant's second issue is sustained.[3]

Having concluded that the temporary injunction order is void, we reverse the trial court's order, dissolve the temporary injunction, and remand the cause for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 31st day of July, 2008.

---

[3]Because of our disposition of appellant's second issue, we need not address his first issue. *See* TEX. R. APP. P. 47.1.