NUMBER 13-06-00396-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS


 

CORPUS CHRISTI - EDINBURG


 


RICARDO J. GARCIA, Appellant,


v.
 


MIGUEL LONGORIA, Appellee.

 


On appeal from the 275th District Court 


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 This is a temporary injunction case. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(4) (Vernon Supp. 2007) (allowing for an interlocutory appeal from a ruling on a
temporary injunction); Tex. R. App. P. 28.1 (stating that such appeals are accelerated). By
two issues, appellant, Ricardo J. Garcia, asks this Court to declare a temporary injunction
order enjoining him from executing a judgment against appellee, Miguel Longoria, void
because the injunction was not supported by evidence and because it fails to comply with
rules 683 and 684 of the Texas Rules of Civil Procedure. (1) See Tex. R. Civ. P. 683, 684. 
We reverse the order, dissolve the temporary injunction, and remand.

 In June 2006, appellee sought a temporary injunction. (2) On June 15, 2006, the trial
court enjoined appellant from taking possession of appellee's "homestead" and from selling
or from taking any action to sell appellee's "personal property levied upon by the sheriff
pursuant to a writ of execution issued in this matter." The order reasoned that if these acts
were not restrained, Longoria would "suffer irreparable injury because [he would]
wrongfully lose ownership of his homestead." The order did not set the case for a trial on
the merits. The order did not fix the amount of the bond.

 Texas Rule of Civil Procedure 683 states that "[e]very order granting a temporary
injunction shall include an order setting the cause for trial on the merits . . . ." Tex. R. Civ.
P. 683. The procedural requirements of rule 683 are mandatory, and an order granting a
temporary injunction that does not meet them is subject to being declared void and
dissolved. Qwest Commc'n Corp. v. AT&T Corp., 24 S.W.3d 334, 337 (Tex. 2000) (per
curiam) (citing InterFirst Bank San Felipe, N.A. v. Paz Constr. Co., 715 S.W.2d 640, 641
(Tex. 1986) (per curiam) (explaining that rule 683's requirements are mandatory and are
to be strictly construed)). In addition, rule 684 provides that in the order granting a
temporary injunction, "the court shall fix the amount of security to be given by the
applicant." Tex. R. Civ. P. 684; see Ex parte Jordan, 787 S.W.2d 367, 368 (Tex. 1990)
(per curiam) (concluding that an order for temporary injunction was void where no bond
was required). Because the order did not set the cause for trial on the merits and did not
fix the amount of security required, we conclude that it is void. See City of Sherman v.
Eiras, 157 S.W.3d 931, 931 (Tex. App.-Dallas 2005, orig. proceeding) (ordering trial court
to enter order dissolving temporary injunction where order did not comply with rule 683). 
Appellant's second issue is sustained. (3)

 Having concluded that the temporary injunction order is void, we reverse the trial
court's order, dissolve the temporary injunction, and remand the cause for further
proceedings consistent with this opinion.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 31st day of July, 2008.


1. Appellee has not filed a brief in this matter..
2. Although the document filed was titled "Application for Restraining Order," its substance was that of
a request for a temporary injunction, and we will treat it as such. See State Bar of Tex. v. Heard, 603 S.W.2d
829, 833 (Tex. 1980) (orig. proceeding); see also Tex. R. Civ. P. 71 (explaining how to handle the misnomer
of a pleading), 680 (setting out the rule for a temporary restraining order), 681 (explaining form and scope of
an injunction).
3. Because of our disposition of appellant's second issue, we need not address his first issue. See Tex.
R. App. P. 47.1.