**REVERSE and REMAND; and Opinion Filed May 2, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-01060-CV**

_____

**ACI HEALTHCARE STAFFING, LLC, LORI MINOR,
BRYAN ADCOCK, AND REGINA BUTLER, Appellants**

**V.**

**V-PLATINUM CONSULTING, LP AND
V-PLATINUM MANAGEMENT, LLC, Appellees**

**On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-12-01957-A**

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion by Justice Lang-Miers

Appellants ACI Healthcare Staffing, LLC, Lori Minor, Bryan Adcock, and Regina Butler appeal the trial court's order granting a temporary injunction in favor of V-Platinum Consulting Management, LP. In their second issue, appellants contend that the temporary injunction is void because it does not comply with the rules of civil procedure. Because the second issue is dispositive of the appeal, we address it first.

The Texas Rules of Civil Procedure establish mandatory requirements for orders granting temporary injunctions. *See* TEX. R. CIV. P. 683, 684. Failure to meet those requirements renders the temporary injunction subject to being declared void. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam) (citing *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam)); *City of Sherman v. Eiras*, 157

S.W.3d 931, 931 (Tex. App.—Dallas 2005, no pet.). When a temporary injunction does not include a setting for trial on the merits on a specific date, the temporary injunction is void. *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *Eiras*, 157 S.W.3d at 931. Similarly, when a temporary injunction does not require a bond to be given by the applicant as a condition precedent to the issuance of the injunction, the temporary injunction is void. *Qwest Commc'ns Corp.*, 24 S.W.3d at 337 (citing *Lancaster v. Lancaster*, 291 S.W.2d 303, 308 (Tex. 1956)).

The temporary injunction signed on July 20, 2012, in this case states that it "shall remain in effect until final disposition of this case or until further order of the Court." It does not include a specific date for trial on the merits. *See* TEX. R. CIV. P. 683 (requiring injunction to state date for trial on merits). The injunction also did not require security or fix the amount of security to be given by applicant V-Platinum Consulting, LP as a condition precedent to the issuance of the injunction. *See* TEX. R. CIV. P. 684 (requiring injunction to fix amount of security).

Because the temporary injunction signed on July 20, 2012, did not comply with civil procedure rules 683 and 684, it is void. *See Qwest Commc'ns*, 24 S.W.3d at 337; *Eiras*, 157 S.W.3d at 931. Accordingly, we reverse and dissolve the temporary injunction signed on July 20, 2012, and remand the case to the trial court for further proceedings.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

121060F.P05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ACI HEALTHCARE STAFFING, LLC, LORI MINOR, BRYAN ADCOCK, AND REGINA BUTLER, Appellants

No. 05-12-01060-CV     V.

V-PLATINUM CONSULTING, LP AND V-PLATINUM MANAGEMENT, LLC, Appellees

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-12-01957-A.
Opinion delivered by Justice Lang-Miers, Justices O'Neill and FitzGerald participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

the temporary injunction signed on July 20, 2012, is DISSOLVED.

Each party shall bear its own costs of appeal.

Judgment entered this 2nd day of May, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

–3–