**CONDITIONALLY GRANT and Opinion Filed May 3, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-23-00369-CV
_____

## IN RE ST. MARK'S SCHOOL OF TEXAS

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-10129**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Garcia

In the underlying case, Relator St. Mark's School of Texas ("St. Mark's") and

real parties in interest Jeffrey Chen ("Jeffrey"), Jinghong Chen, and Yansong Ren

(collectively, the "Chens") are litigating a breach of contract claim relating to

Jeffrey's AP statistics grade and his school transcript.

This original proceeding arises from the trial court's entry of an ex parte order

requiring St. Mark's to change Jeffrey's grade in his statistics class, recalculate his

grade point average, and issue a new school transcript.[1] St. Mark's seeks mandamus

_____

[1] The motion was styled "Ex parte Motion for Temporary Injunction" and the court's order was similarly titled. But the order was issued without notice and a hearing. Therefore, the court functionally issued a temporary restraining order. *See In re Office of Att'y. Gen.,* 257 S.W.3d 695, 698 (Tex. 2008) (An order granted without a hearing is considered a temporary restraining order and not a temporary injunction).

relief requesting that we vacate the ex parte order because (i) the order is not supported by the pleadings and fails to comply with the Texas Rules of Civil Procedure, and (ii) the order interferes with our jurisdiction in a separate interlocutory appeal that is pending before this court.

After reviewing the petition and the mandamus record, we conditionally grant the writ.[2]

## BACKGROUND

During Jeffrey's senior year at St. Mark's, a dispute arose over his grade in AP Statistics. St. Mark's assigned Jeffrey a "0" for his AP statistics final exam, alleging that he cheated while taking it, which gave him a final class average of "C."

The Chens subsequently initiated the underlying action against St. Mark's seeking damages and injunctive relief. The petition alleged that St. Mark's never made a finding that Jeffrey cheated on the exam and failed to notify the teacher to regrade the exam. The Chens requested that St. Mark's be required to regrade Jeffrey's exam, "correct his final grade, and immediately cease threatening to report to universities (Jeffrey's) alleged disciplinary incident."

After notice and hearing, the Chens sought and obtained an injunction that stated:

> IT IS THEREFORE ORDERED that Defendant, St. Mark's School of
> Texas is hereby enjoined and restrained during the pendency of this

---

[2] We requested that real parties in interest file a response to the mandamus petition but they failed to timely do so.

lawsuit, from communicating with third parties regarding plaintiff Jeffrey Chen without obtaining his explicit written consent.

IT IS FURTHER ORDERED that Defendant may, upon Jeffrey Chen's written request or consent, provide a copy of Jeffrey Chen's final transcript containing his final grade in AP Statistics.

The case was then set for a two-week final trial to occur in December 2023. St. Mark's appealed the injunction, and that appeal is currently pending before this court.

On April 10, 2023, at 4:23 p.m., six months after the first injunction hearing, the Chens filed another request for injunctive relief entitled "Plaintiff's Emergency Ex Parte Motion for Temporary Injunction." This motion largely tracked the allegations in the petition but added that several universities that had offered Jeffrey admission prior to the grade dispute had now denied him admission.

The Chens requested that St. Mark's be required to: (i) recalculate Jeffrey's AP statistics grade without using the final exam, (ii) recalculate his final GPA using the newly calculated AP statistics grade, and (ii) issue a new transcript with the revised grade and grade point average. The Chens also requested that St. Mark's be prohibited from disclosing any information that: (i) any changes had been made to the school transcript, (ii) any grades are in dispute, (iii) the grade point average is in dispute, (iv) there is any litigation involving either of the parties, and (v) the new official transcript is the subject of a court order.

The Chens' emergency motion contained several irregularities. It was not signed by an attorney and did not contain a certificate of service. The Certificate of

Conference, signed by Jeffrey, (who is not an attorney), stated "I certify that irreparable harm is imminent and there is insufficient time to notify the opposing party or counsel." The motion was accompanied by Jeffrey's unsworn declaration that the facts stated in the emergency motion were within his personal knowledge and were true and correct.

A proposed order was submitted to the court on April 17, 2023, seven days after the Chens' emergency motion had been filed. The court signed an order (the "TRO") granting the Chens' emergency motion on April 21, 2023, at 12:30 p.m., eleven days after the emergency motion had been filed. Bond was set at $0 and the hearing was set for May 5, 2023. St. Mark's received the motion and the TRO for the first time on April 21, 2023, at 5:08 p.m.

## ANALYSIS

St. Mark's argues the TRO is void because: (1) it is not supported by the pleadings (2) it fails to comply with TEX. R. CIV. P. 680, 683 and 684 and (3) it interferes with or impairs the jurisdiction of the appellate court.

Ordinarily, to be entitled to mandamus relief, a relator must show that the trial court clearly abused its discretion, and the relator lacks an adequate remedy by appeal. *In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding). The issue here, however, is whether the TRO is void. A trial court abuses its discretion when it issues a void order. *In re Elavacity, LLC,* No. 05-18-00135-CV, 2018 WL 915031, at *1 (Tex. App.—Dallas Feb. 16, 2018, orig. proceeding) (mem. op.). And because

4

temporary restraining orders are not appealable, there is no remedy by appeal. *Id.* (citing *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002); *In re Newton*, 146 S.W.3d 648, 652–53 (Tex. 2004)). Mandamus relief is available to remedy a void temporary restraining order. *Office of Att'y Gen.*, 257 S.W.3d at 697; *In re Hallas*, No. 03-22-00413-CV, 2022 WL 3650090, at \*1 (Tex. App.—Austin Aug. 25, 2022) (orig. proceeding) (mem. op.).

**Compliance with Texas Rules of Civil Procedure**

The Order is properly characterized as a TRO. *See Office of Att'y Gen.*, 257 S.W.3d at 698; *see also Qwest Comm. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (whether order is a TRO or a temporary injunction depends on the order's characteristics and function not its title). The purpose of a TRO is to preserve the status quo and it restrains a party from acting only during the pendency of a motion for a temporary injunction. *Tex. Parks and Wildlife Dept. v. RW Trophy Ranch, Ltd.*, No. 5-22-00306-CV, 2022 WL 1314692, at \*1 (Tex. App.—Dallas, May 3, 2022, pet. denied) (mem. op.). A TRO is not a ruling on the merits. *See id.*

A trial court issuing a temporary restraining order is required to (1) state why the order was granted without notice if it is granted ex parte; (2) state the reasons for the issuance of the order by defining the injury and describing why it is irreparable; (3) state the date the order expires and set a hearing on a temporary injunction; and (4) set a bond. *Office of the Att'y Gen.,* 257 S.W.3d at 697 (Tex. 2008). Orders that fail to fulfill these requirements are void. *Id.*; *see also Massenburg v. Lake Point*

*Advisory Grp., LLC*, No. 05-19-00808-CV, 2020 WL 1472215, at *2 (Tex. App.—Dallas Mar. 26, 2020, orig. proceeding) (mem. op.). In the present case, St. Mark's challenges the validity of the TRO for failure to specify why it was granted ex parte and why injury is irreparable, and failure to set a bond. We begin with the granting of ex parte relief.

*Ex parte Relief*

A TRO may issue without notice only when "it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." TEX. R. CIV. P. 680; *see also In re Spiritas Ranch Enter., L.L.P.*, 218 S.W.3d 887, 895 (Tex. App.—Fort Worth 2007, orig. proceeding). In such a case, the order must explain why the court issued it without notice. TEX. R. CIV. P. 680.

While the TRO generally recites that the Chens "will suffer an imminent, irreparable injury" if the motion is not granted, it is silent as to why such alleged injury was so imminent that notice could not be given to St. Mark's. The case had been on file for ten months. St. Mark's had answered, appeared, and was entitled to notice of all proceedings.

The emergency motion does not identify any urgent circumstances necessitating relief without notice. Instead, the emergency motion simply avers that "[t]here is not enough time to serve notice on defendant and hold a hearing [because]

6

universities are presently making decisions about student applications and scholarships." The same description of an alleged need for immediate relief without notice was included in the original petition filed in August 2022 and then again in the amended petition. The emergency motion does not suggest that anything had changed other than universities denying him admission since the commencement of the case.

Moreover, approximately one hour before the emergency motion was filed, Chens' counsel emailed St. Mark's counsel to inquire about scheduling depositions and a mediation. The emergency motion counsel was about to file was never mentioned. Tellingly, Chens' *counsel did not sign the certificate of conference on the motion*. Instead, the certificate was signed by Jeffrey. The motion contained no certificate of service from either the Chens or the district clerk, who typically automatically generates a certificate upon filing of a motion. St. Mark's was not notified that the motion had been filed until eleven days later—after the TRO had been entered.

The time that elapsed between the filing of the emergency motion and the entry of the TRO further undermines the need for immediacy. The emergency motion remained pending for seven days before a proposed order was submitted to the court. An additional four days passed before the TRO was signed.

The TRO fails to specify why it was necessary to issue the TRO without notice and nothing in the record supports such a conclusion. Accordingly, the TRO is void for failure to comply with TEX. R. CIV. P. 680. *See Spiritas*, 218 S.W.3d at 895.

*Specificity*

St. Mark's also argues that the TRO lacks the specificity required as to probable, imminent, and irreparable harm. We agree.

Every injunction or restraining order must set forth the reasons for its issuance. *See* TEX. R. CIV. P. 683. Rule 683 is mandatory, and it must be strictly followed. *Mark Bailey, Edamame, Inc. v. Ramirez,* No. 05-22-00072-CV, 2022 WL 18006718, at *2 (Tex. App.—Dallas 2011, no pet.) (mem. op.). A TRO that does not identify the imminent, irreparable injury necessitating its issuance is void. *See In re PJD Law Firm, PLLC,* No. 05-23-00012-CV, 2023 WL 2887616, at *3 (Tex. App.—Dallas April 11, 2023, orig. proceeding) (mem. op.); *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740,747 (Tex. App.—Dallas 2011, no pet.).

The Order states:

> The Court finds that Plaintiffs have shown that they will suffer an imminent, irreparable injury for which there will be no adequate remedy at law if temporary relief is not granted. More specifically, colleges and universities to which Plaintiff, Jeffrey Chen, applies or has applied are currently making admissions decisions and he may be denied admission unless Defendant, St. Mark's School of Texas, is required to remove the grade of zero on Plaintiff Jeffrey Chen's final exam in his Advanced Placement Statistics class, calculate his final grade in Plaintiff Jeffrey Chen's Advanced Placement Statistics class without any grade from his final exam, recalculate Plainiff Jeffrey Chen's grade point average, and issue Plaintiff Jeffrey Chen a new

official transcript with his new final grade in Advanced Placement Statistics and new grade point average.

An "irreparable injury" is one for which the injured party cannot be adequately compensated by damages or for which damages cannot be measured by any certain pecuniary standard. *See In re Southern Foods Grp., LLC*, No. 05-13-01348-CV, 2013 WL 5888255, at *1 (Tex. App.—Dallas Oct. 31, 2013, orig. proceeding) (mem. op.). While damages resulting from denial of college admission may be difficult to quantify, an order granting injunctive relief must do more than simply recite that irreparable injury will occur. *See PJD,* 2023 WL 2887616, at *3.

The TRO simply states that the Chens have shown an irreparable injury because Jeffrey *may* be denied college admission, while also alleging that he had been denied admission to a number of schools. An irreparable injury, however, must be immediate "and not merely an injury that may arise at some point in the future." *Crawford Energy, Inc. v. Texas Industries*, *Inc.*, 541 S.W.2d 463, 467 (Tex. App.— Dallas 1976, no pet.). That Jeffrey *may* be denied admission to unnamed colleges and universities to which he has applied or may apply in the future does not evince immediacy, particularly when the Chens alleged the same imminent harm when they initiated the action in 2022. Nothing in the Order explains why that same potential harm is more immediate now. There is no identification of pending admission decisions, planned or outstanding applications to any particular institutions, or the deadlines that may apply. He makes no connection in his motion between the denial of admission to the colleges the Chens listed and the relief the Chens requested.

Consequently, the TRO is void because it failed to identify the imminent, irreparable injury necessitating its issuance. *See PJD*, 2023 WL 2887616, at *3.

*Bond*

St. Mark's also challenges the TRO because it fails to set a bond. A TRO must set an amount for the bond. TEX. R. CIV. P. 684. Specifically, the rule provides that:

> In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant. Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part.

TEX. R. CIV. P. 684. A TRO that fails to set bond is void and unenforceable. *See Ex Parte Jordan,* 787 S.W.2d 367, 368 (Tex. 1990); *see also Ex parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983) (holding court cannot waive bond requirement).

Because the TRO fails to set a bond, it is void and unenforceable. *See* TEX. R. CIV. P. 684; *Jordan,* 787 S.W.2d at 367.

## CONCLUSION

Having concluded that the Order is void for failure to comply with the Texas Rules of Civil Procedure, we need not reach St. Mark's remaining issues. *See* TEX. R. APP. P. 47.1.

We conditionally grant relator's petition for a writ of mandamus and order the trial judge to issue a written order, within fifteen (15) days of the date of this opinion

vacating its April 21, 2023 Order on Plaintiffs' Emergency Ex Parte Motion For Temporary Injunction. We are confident the trial court will comply, and the writ will issue only if it fails to do so.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

230369F.P05