QWEST COMMUNICATIONS CORPO-
RATION and Qwest Communications
International, Inc., Petitioners,

v.

AT & T CORPORATION and AT & T
Communications of the Southwest,
Inc., Respondents.

No. 99–0306.

Supreme Court of Texas.

April 6, 2000.

Rehearing Overruled June 8, 2000.

Claude E. Ducloux, Austin, P. Michael Jung, Dallas, Delno J. Grosenheider, J. Stephen Ravel, Michael Shaunessy, Diane Barlow-Sparkman, Austin, Bruce A. Featherstone, Nancy C. Shea, Denver, CO, for Petitioner.

Joseph Latting, John K. Schwartz, G. Alan Waldrop, C. W. "Rocky" Rhodes, Barbara M. Ellis, Kamela Bridges, Austin, for Respondent.

PER CURIAM.

The single issue in this petition is whether the trial court's interlocutory order is a temporary injunction and thus appealable under Texas Civil Practice and Remedies Code section 51.014(a)(4). The court of appeals held that the order was not an appealable temporary injunction and dismissed the appeal for want of jurisdiction. 983 S.W.2d 885. Because we hold that the trial court's order grants a temporary injunction, we grant the petition and remand the case to the court of appeals to consider the merits of the appeal.

In 1997, AT & T Corporation and AT & T Communications of the Southwest, Inc. (collectively "AT & T") sued Qwest Communications Corporation, Qwest Communications International, Inc. (collectively "Qwest"), and others for damages to AT & T's fiber optic cables. In addition, AT & T sought a temporary restraining order, a temporary injunction, and a permanent injunction. On the same day that the petition was filed, the trial court issued an *ex parte* temporary restraining order.

At the temporary injunction hearing, the parties informed the trial court that they had resolved the matters set for the temporary injunction hearing, and then read the agreement into the record. Among other restrictions applicable to all activities within the United States, the agreement required Qwest to notify AT & T of any construction operations within thirty feet of an AT & T underground facility, and to electronically monitor the location of the drill borehead used during boring and pull-back operations. Further, the agreement dissolved the previous temporary restraining order bond, left open any claims for damages, and expired three years from the date it became effective unless extended or modified in a signed writing by the parties. At the conclusion of this hearing, the judge stated that "[w]ith respect to the plaintiff's application for temporary injunction, judgment is rendered" and told counsel for AT & T to prepare a written order, deliver it to Qwest's counsel for comment, and then submit it to the trial court. Ultimately, the parties could not agree to the terms of the written order to be submitted to the trial court. The trial court, after a "clarification" hearing, signed an order following the terms recited into the record at the temporary injunction hearing.

Qwest appealed. But the court of appeals dismissed the appeal for want of jurisdiction, holding that the order did not grant a temporary injunction. The court concluded that the order did not meet the "traditional requirements" of a temporary injunction because the order did not preserve the status quo, require a bond, set a trial date, require the clerk to issue a writ of injunction, nor was the order's duration limited until final judgment or further order of the court. 983 S.W.2d at 888. Qwest then petitioned this Court for review.

This Court has jurisdiction to determine whether a court of appeals correctly decided its jurisdiction over an in-

terlocutory appeal. *See Lesikar v. Rappeport,* 899 S.W.2d 654, 655 (Tex.1995) (determining whether interlocutory order being appealed was temporary injunction). An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments. *See Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998); *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex. 1992). In this case, Texas Civil Practice and Remedies Code section 51.014(a) states: "[a] person may appeal from an interlocutory order of a district court, county court at law, or county court that: ... (4) grants or refuses a temporary injunction...." TEX. CIV. PRAC. & REM.CODE § 51.014(a)(4).

■■■ An injunction is a remedial writ that depends on the issuing court's equity jurisdiction. *See State v. Morales,* 869 S.W.2d 941, 947 (Tex.1994). One function of injunctive relief is to restrain motion and to enforce inaction. *See Boston v. Garrison,* 152 Tex. 253, 256 S.W.2d 67, 70 (1953). The trial court's order here commands Qwest to undertake certain monitoring and notice provisions when conducting certain boring operations. Thus, the order is an injunction.

AT & T argues, however, that the order cannot be a temporary injunction because it lacks the defining characteristics of a temporary injunction. First, it contends that the order goes beyond what is necessary to preserve the status quo because it applies to all of Qwest's operations in the United States. Second, AT & T asserts that one of the hallmarks of a temporary injunction is that it is effective for an indefinite period, operating only until dissolved by another interlocutory order or until final hearing. Here, the order governs Qwest's conduct for a period of three years, until December 2000, a period well beyond the original scheduled trial date of July 6, 1998. Finally, AT & T notes that the order did not set a bond or trial date

and did not order issuance of a writ of injunction.

The order's features that AT & T identifies do not necessarily control the classification of this order as a temporary injunction. In *Del Valle Independent School District v. Lopez,* we rejected the notion that "matters of form control the nature of the order itself—it is the character and function of an order that determine its classification." 845 S.W.2d 808, 809 (Tex. 1992). We reasoned that if errors in the form of the order determined the order's status, then those errors would deny review of the very defects that render the order void. *See Del Valle,* 845 S.W.2d at 809–10; *Brines v. McIlhaney,* 596 S.W.2d 519, 523 (Tex.1980).

Here, AT & T requested and received a court order restricting Qwest's conduct. The order recites that it is effective for a set three-year period from the date it was rendered unless it is extended or modified in writing signed by the parties. AT & T notes that this Court has previously stated that a temporary injunction "operates until dissolved by an interlocutory order or until the final hearing." *Brines,* 596 S.W.2d at 523; *see also J.C. Matlock v. Data Processing Sec., Inc.,* 618 S.W.2d 327, 328 (Tex.1981) (stating the purpose of a temporary injunction is to preserve the status quo pending trial on the merits). Thus, we must decide whether the fixed three-year term precludes the order's classification as a temporary injunction.

Some courts of appeals' opinions have held an order was a temporary injunction even when it granted the maximum duration of relief to which the plaintiff would be entitled at a trial on the merits. *See Glenn Advertising, Inc. v. Black,* 454 S.W.2d 841, 844 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.). In *Glenn Advertising,* the court of appeals noted that the order should correctly provide that the temporary injunction should remain in effect only until final hearing or until further order of the court. *Id.* Yet, the court did not dismiss the appeal for

want of jurisdiction, but instead simply modified the order to remain in full force and effect until final judgment was entered. Other courts of appeals have followed this reasoning and exercised jurisdiction over appeals from orders that were not made effective until final judgment or further action by the trial court. *See Hailey v. Texas–New Mexico Power Co.,* 757 S.W.2d 833, 835 (Tex.App.—Waco 1988, writ dism'd w.o.j.); *Owens v. Texaco Inc.,* 368 S.W.2d 780, 783 (Tex.Civ.App.—Beaumont 1963, no writ).

But other courts of appeals have held that when an injunction is effective for a fixed period of time it is a permanent rather than a temporary injunction. *See Aloe Vera of America, Inc. v. CIC Cosmetics Int'l Corp.,* 517 S.W.2d 433, 436 (Tex. Civ.App.—Dallas 1974, no writ). In *Aloe Vera,* the trial court signed an order styled "Permanent Injunction" and directed the clerk to issue a "Writ of Injunction permanently enjoining until January 1, 1975." The court of appeals held that limiting the restraint to the period ending January 1, 1975, precluded the order from being a temporary injunction. "Whether the restraint continues for six months or six years has no bearing on the question of permanency. No more permanent order could be made with respect to this particular claim for injunctive relief." *Id.* at 436. The court therefore held that the order was an interlocutory permanent injunction rather than a temporary injunction and thus was not appealable. *See id.* Other courts of appeals have adopted the reasoning of *Aloe Vera. See James v. Hubbard,* 985 S.W.2d 516, 518 (Tex.App.—San Antonio 1998, no writ); *Brelsford v. Old Bridge Lake Community Service Corp.,* 784 S.W.2d 700, 702 (Tex.App.—Houston [14 th Dist.] 1989, no writ); *Kelso v. Thorne,* 710 S.W.2d 735, 736 (Tex.App.—Corpus Christi 1986, no writ); *Zoning Bd. of Adjustment v. Graham,* 664 S.W.2d 430, 434 (Tex.App.—Amarillo 1983, no writ); *Gensco, Inc. v. Thomas,* 609 S.W.2d 650, 651 (Tex.Civ.App.—San Antonio 1980, no writ).

■ The approach taken by *Aloe Vera* and the line of cases that follow it is problematic in that a burdensome interlocutory order that has the same effect as a temporary injunction could be shielded from appellate review by the very defect that makes it erroneous. *See Del Valle,* 845 S.W.2d at 809–10. Whether an injunction is effective for a fixed period of time or is made effective only until further order of the court or final judgment is only one of the factors in determining the character and nature of the order. Because the trial court's order places restrictions on Qwest and is made effective immediately so that it operates during the pendency of the suit, it functions as a temporary injunction.

■ Finally, AT & T argues that the order is not a temporary injunction because it does not set the case for trial on the merits or set a bond. The Texas Rules of Civil Procedure require that an order granting a temporary injunction set the cause for trial on the merits and fix the amount of security to be given by the applicant. *See* Tex.R. Civ. P. 683, 684. These procedural requirements are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved. *See InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986) (stating that requirements of Rule 683 are mandatory and must be strictly followed). In *InterFirst Bank,* however, the order failed to set the case for trial on the merits. *Id.* at 641. Yet rather than dismissing the appeal for want of jurisdiction, we declared the temporary injunction void and ordered it dissolved. *See id.* We have also held that a temporary injunction was void when there was no bond. *See Lancaster v. Lancaster,* 155 Tex. 528, 291 S.W.2d 303, 308 (1956) (holding that bond provisions of Rule 684 are mandatory). Here, these procedural requirements may render the trial court's order void but they do not change the order's character and function defining its classification.

We hold that, in character and function, the trial court's order grants a temporary injunction and is appealable under Texas Civil Practice and Remedies Code section 51.014(a)(4). We do not express any opinion, however, on the merits of the appeal. Accordingly, the Court grants petitioner's petition for review and, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court for consideration of the merits of the appeal. TEX.R. APP. P. 59.1