NO. 07-01-0132-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 6, 2001

______________________________

IN THE ESTATE OF LOYD ELAINE FULLER, DECEASED

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2000-767,557; HONORABLE PAULA LANEHART, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

In this accelerated appeal, appellant Jane Fuller Ryder contests a temporary mandatory injunction ordering that she execute a special warranty deed conveying her interest as a beneficiary of the estate of Loyd Elaine Fuller in a residence owned by the estate in order to consummate the sale of the real property.  Loyd Elaine Fuller died on November 13, 2000, and was survived by her three children, appellant, Rex Fuller, and Margaret Ann Fuller.  Rex filed an application to probate his mother’s will, which was admitted to probate, and he was appointed independent executor.  Appellant then filed a contest to the probate of the will.  Rex sought to sell the residence of his mother, which was the principal asset of the estate, in order to pay the funeral expenses and other debts of the estate.  He entered into a contract for the sale of the house with the agreement of appellant and Margaret Ann Fuller.  However, the title company issued a title commitment that required all three beneficiaries to execute a deed conveying the subject property, which appellant refused to do.  On March 22, 2001, the trial court ordered appellant to execute a deed conveying her interest in the real property. 

Appellant contends that the order is void because it fails to require a bond to protect her from the damages of a wrongful injunction as required by Rule 684 of the Texas Rules of Civil Procedure.  Rule 684 provides in relevant part:

In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant.  Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part. 

 

Tex. R. Civ. P. 684.  Generally, a temporary injunction is void if there is no provision for security in the order granting the temporary injunction.  
Qwest Communications Corp. v. AT & T Corp.
, 24 S.W.3d 334, 337 (Tex. 2000).

           Rex has filed a brief in which he agrees that the order should have required a bond and further states that the time for closing the real estate contract has expired and therefore the contract is no longer in effect.  For those reasons, he stipulates that we should set aside the temporary order and dissolve the injunction.  

Because the only issue raised by appellant is the failure of the order to provide for a bond and because Rex agrees that the order should be set aside and the injunction dissolved, we grant appellant’s issue.  Accordingly, the temporary mandatory injunction is dissolved and negated.

John T. Boyd 

 Chief Justice

Do not publish.