NUMBER 13-04-362-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
_________________________________________________________
 
ROBERT S. BENNETT, INDIVIDUALLY, ET AL.,                   Appellants,

v.

STEPHEN T. LEAS,                                                            Appellee.
_________________________________________________________

On appeal from County Court at Law No. 4
of Hidalgo County, Texas.
_________________________________________________________

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion Per Curiam

         Robert S. Bennett, Individually, and The Bennett Law Firm, P.C. (“Bennett”),
attempts to appeal an order granting a motion to abate filed by appellee, Stephen T.
Leas. We dismiss the appeal for want of jurisdiction.
         The trial court granted appellee’s motion to abate and, by order dated June 10,
2004, abated the proceedings below pending the resolution of related cases and
appeals. Bennett filed a notice of appeal on July 9, 2004. The Clerk of this Court
subsequently notified the parties that it appeared the Court did not have jurisdiction
due to the absence of an appealable order. See Tex. R. App. P. 42.3. Bennett failed
to filed a response.
         Unless an interlocutory appeal is specifically authorized by statute, this Court
has no jurisdiction; our jurisdiction is limited to final judgments. See Qwest
Communications Corp. v. AT&T Corp., 24 S.W.3d 334, 335 (Tex. 2000); Northeast
Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (1966). An order of abatement
is not an authorized interlocutory appeal. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(1)-(10) (Vernon Supp. 2004-05). 
         Pursuant to Section 51.014(d), a district court may issue a written order for
interlocutory appeal in a civil action not otherwise appealable under section 51.014 if
the parties agree that the order involves a controlling question of law, an immediate
appeal may materially advance the ultimate termination of the litigation, and the parties
agree to the order. See Tex. Civ. Prac. & Rem. Code Ann. §51.014(d) (Vernon Supp.
2004-05). The trial court has not issued an order permitting an interlocutory appeal. 
Further section 51.014(d) does not authorize an appellate court to permit an
interlocutory appeal. In the absence of an appealable order, we lack jurisdiction of this
appeal. Therefore, the appeal is DISMISSED FOR WANT OF JURISDICTION.
                                                               PER CURIAM

Memorandum Opinion delivered and filed this
the 17th day of March, 2005.