

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00008-CV

**CONOCOPHILLIPS COMPANY**,
Appellant

v.

Leon Oscar **RAMIREZ,** Jr., Individually, Rosalinda Ramirez Eckhardt, Individually, and
Jesus M. Dominguez, as Guardian of the Estate of Minerva Clementina Ramirez,
an incapacitated person,
Appellees

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 7,637
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice

Delivered and Filed: February 20, 2013

DISMISSED FOR LACK OF JURISDICTION

Appellant seeks to appeal an order granting a motion for partial summary judgment. The

appellees have filed a motion to dismiss, asserting the order does not dispose of all claims and

parties; therefore, the order is not a final, appealable judgment. *See Lehmann v. Har-Con Corp.*,

39 S.W.3d 191, 195 (Tex. 2001). Apparently recognizing that the order is not a final, appealable

judgment, appellant cites probate law to contend that the order is final; however, appellant also

notes that the trial court implicitly denied its motion to dismiss for lack of subject matter

jurisdiction which challenged the trial court's exercise of probate jurisdiction. "An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments." *Quest Comm. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). Appellant does not cite any statute that would permit this court to consider an order granting a motion for partial summary judgment if such an order also implicitly overrules a motion to dismiss for lack of subject matter jurisdiction, and we have found none. *See Trenz v. Peter Paul Petroleum Co.*, No. 01-11-01103-CV, 2012 WL 3244230, at *8 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, no pet.) (noting challenge to subject matter jurisdiction not reviewable in interlocutory appeal). We note that appellant has filed an original proceeding also challenging the trial court's implicit jurisdictional ruling and asserts in its petition that no adequate remedy exists by appeal. In view of the foregoing, appellees' motion to dismiss is granted, and this appeal is dismissed for lack of jurisdiction. Appellees' request for damages for the filing of a frivolous appeal is denied.

PER CURIAM