# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-14-00426-CV

## Michael J. DeLitta; Axiom Medical Consulting, LLC; Axiom Professionals, LLC; Axiom Properties, LLC; and DelCom Properties, LLC, Appellants

### v.

### Nancy Schaefer, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-13-003516, HONORABLE JAMES E. MORGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the trial court's order granting appellee Nancy Schaefer's motion to enforce a temporary injunction. Because we lack jurisdiction to review the challenged order, we dismiss the appeal for want of jurisdiction.[1]

The dispute underlying this appeal arises from a temporary injunction that was agreed to by both parties and signed by the trial court on October 29, 2013 (the Agreed Temporary Injunction). Nancy Schaefer later moved to enforce the injunction against Michael J. Delitta, Axiom Medical Consulting, LLC, Axiom Professionals, LLC, Axiom Properties, LLC, and DelCom Properties, LLC (collectively, Axiom). Schaefer also moved to hold DeLitta in contempt of the Agreed Temporary Injunction.

---

[1] This Court previously denied a related petition for writ of mandamus filed by the appellants. *See In re DeLitta*, No. 03-14-00423-CV, 2014 WL 3414187 (Tex. App.—Austin July 11, 2014, orig. proceeding) (mem. op.).

Following a two-day evidentiary hearing, the trial court signed an order enforcing the Agreed Temporary Injunction on June 19, 2014. Specifically, the trial court ordered "all parties to strictly abide by the terms" of the Agreed Temporary Injunction. The trial court also found that DeLitta had violated various provisions of the Agreed Temporary Injunction but declined to hold him in contempt. Axiom then filed this appeal, arguing that the trial court abused its discretion in rendering the June 2014 order. Schaefer has filed a motion to dismiss on the ground that we lack subject-matter jurisdiction to consider the appeal.

As a general rule, the jurisdiction of this Court is limited to the review of final judgments and certain interlocutory orders authorized by statute. *Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Section 51.014(a)(4) of the Texas Rules of Civil Procedure permits an appeal from an interlocutory order granting or refusing a temporary injunction. Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). Similarly, Section 51.014 permits an appeal from an interlocutory order overruling a motion to dissolve a temporary injunction. *Id*.

In her motion to dismiss, Schaefer argues that Axiom's appeal is a challenge to the trial court's ruling on its motion to enforce the Agreed Temporary Injunction. According to Schaefer, Texas does not allow for interlocutory review of an order enforcing a temporary injunction, and as a result, this Court is without jurisdiction to review the June 2014 order. In response, Axiom asserts that "the June 2014 order is and acts as a temporary injunction order" and is therefore properly the subject of an interlocutory appeal under section 51.014.[2]

---

[2] There is no dispute that the time period for perfecting an appeal of the underlying Agreed Temporary Injunction has long passed, and Axiom does not contend that it is seeking to appeal this injunction. *See* Tex. R. App. P. 26.1 (in accelerated appeal, notice of appeal must be filed within 20 days after judgment or order is signed).

Based on the record before us, we cannot conclude that the trial court's June 2014 order functions as a stand-alone temporary injunction and thus is appealable under Section 51.014(a)(4). First, we note that in her motion to enforce, Schaefer asked the trial court to enforce the terms of the Agreed Temporary Injunction. Neither party asked the trial court to enter a new temporary injunction, and it is clear that the trial court was not acting on any motion or request for dissolution of the Agreed Temporary Injunction in issuing its ruling.[3]

In addition, there is no indication that the trial court intended the June 2014 order to operate as a temporary injunction. In the order, the trial court expressly concluded that the Agreed Temporary Injunction is enforceable as both a court order and as a Rule 11 agreement. The June 2014 order does not set forth any restrictions or conditions on the conduct of the parties. Instead, it simply enforces the restrictions and conditions of the Agreed Temporary Injunction. We recognize that it is the character and function of an order that determine whether it is properly classified as a temporary injunction. *See Qwest Commc'ns. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). Nothing about the character or function of the June 2014 order suggests that it is a temporary injunction.

Nevertheless, Axiom argues that the June 2014 order *acts* as a temporary injunction. According to Axiom, the Agreed Temporary Injunction expired on April 7, 2014, when the initial trial setting set forth in the Agreed Temporary Injunction passed. *See* Tex. R. Civ. P. 683 (providing

---

[3] Axiom filed a response to Schaefer's motion for enforcement on the same day as the hearing on the motion. In its prayer, Axiom requested that the trial court declare the Agreed Temporary Injunction "void, unenforceable, and dissolved." However, Axiom never separately filed a motion or set a hearing on this request.

that every order granting temporary injunction shall include order setting cause for trial). Axiom asserts that, as a consequence of this expiration, the trial court's June 2014 order "re-created a set of injunctive terms that 'strictly' restrained Axiom." In other words, although Axiom did not file a motion to dissolve the Agreed Temporary Injunction on this basis, Axiom would have this Court (1) look beyond the four corners of the trial court's June 2014 order; (2) determine that the court erred in concluding that the Agreed Temporary Injunction was still enforceable; and (3) reason, based on this error, that the trial court's June 2014 order should be characterized as a *new* temporary injunction—something that the order on its face does not purport to be. We believe that this is more than what is required or allowed in determining the "character and function" of the order. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 336; *see also Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 835 (Tex. App.—Austin 1984, no writ) (statute authorizing appeal from interlocutory order must be strictly construed and therefore motion to dissolve could not be used as means of reviewing temporary injunction not timely appealed).

We do not have jurisdiction to review a trial court's decision to enforce a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). Because we conclude that the June 2014 order is an order enforcing an existing temporary injunction and not a new temporary injunction, we grant Schaefer's motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 38.8(a), 42.3(b).

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed for Want of Jurisdiction

Filed:   November 6, 2014