ACCEPTED
14-15-00170-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
4/13/2015 2:15:14 PM
CHRISTOPHER PRINE
CLERK

No.＿＿＿＿＿ 14-15-00170-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
4/13/2015 2:15:14 PM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| **HINDU ASHRAM INC.,** | § | IN THE COURT OF APPEALS |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | ＿＿＿ JUDICIAL DISTRICT |
| | § | |
| **SANJAY MATHUR, SEEMA MATHUR, AND THE HEIRS OF RAMESH S. MATHUR** | § | |
| | | HARRIS COUNTY, TEXAS |
| **Defendant.** | § | |

## PLAINTIFF'S MOTION TO VACATE APPEAL AND TO REMAND

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**NOW COMES Plaintiff,** Sanjay Mathur, Seema Mathur, and the heirs of Ramesh Mathur, Movant herein, pursuant to Tex. Rules of Appellate Procedure § 10.1(a), and files this Motion To Vacate Appeal and To Remand this action previously removed from the District Court, Fort Bend County, Texas, and states as follows:

### I. PROCEDURAL HISTORY

A. The court granted Plaintiff's motions for traditional and no-evidence summary judgements on September 24, 2013. The court denied Defendant's traditional and no-evidence motions for summary judgment that same day. Defendant filed a Notice of Appeal on February 27, 2015. Hereinafter, referred as "Notice of Appeal" Exhibit A. Therefore, Plaintiff's claims survived summary judgement and Defendants's counter-claims failed in whole. Plaintiff would ask this court to vacate this action and remand

the case back to the trial court as summary judgment proceedings were interlocutory.

## II. ARGUMENT AND AUTHORITY

A.    Plaintiff further shows that Defendant had no plausible basis for claiming that this court has jurisdiction on any basis that would take precedence as summary judgments were interlocutory. Plaintiff's motion for summary judgement was an interlocutory appeal not subject to Tex. Civ. Prac. & Re. Code § 51.014. Therefore, "unless an interlocutory appeal is specifically authorized by statute (mentioned above), the appellate court has no jurisdiction. The jurisdiction of the (appellate) courts is limited to final orders." *Qwest Communications Corp. V. AT&T Corp.*, 24 S.W.3d 334, 335 (Tex. 2000).

As such, the notice of appeal is inadequate due to the court granting the Plaintiff's Motion for Summary Judgment. On March 25, 2015, Plaintiff requested to counsel methods of resolutions; however, to date Plaintiff has received no response. Hereinafter referred as "Certificate of Conference Letter" Exhibit B. Therefore in light of above facts, Plaintiff respectfully moves this court to order any appropriate sanctions including, but not limited to, ordering Defendant to pay the amount of reasonable expenses incurred by Plaintiff in preparing and presenting this motion, including reasonable attorney's fees. This motion is

presented to the court in accordance with rule TEX. RULE OF APPELLATE PROC. 10(a)(5).

B. Plaintiff further respectfully moves this court to order Defendant to pay all costs, expenses and reasonable attorney's fees incurred by Plaintiff as a result of the removal action as for filing and prosecution of the appeal in culmination with ignoring reasonable request to remand equates to frivolous litigation.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Ramesh Saran Mathur, prays that the Court abstains from hearing this cause of action and remands the same to the District Court, Fort Bend County County, Texas, for resolution on the merits, for recovery of all costs and disbursements, including attorney's fees, incurred by reason of the removal proceedings; and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: *Sanjay S. Mathur*
Sanjay S. Mathur
Attorney-in-Charge
Texas Bar No. 00794245
EMail: sanjay@mathurlawoffices.com
2989 N. Stemmons Freeway
Suite 1000
Dallas, Texas 75247
Tel. (214) 378-8880
Fax. (214) 378-8890
Attorney for Plaintiff
Ramesh Saran Mathur

**CERTIFICATE OF CONFERENCE**

This is to certify that on March 25, 2015, the undersigned attorney conferred with Marilyn Vilandos in good faith to resolve the issues surrounding this matter without court intervention, however those attempts failed because of lack of response. Therefore, the matter is presented to the Court for determination.

*Sanjay S. Mathur*
Sanjay S. Mathur

Justices

WILLIAM J. BOYCE
TRACY CHRISTOPHER
MARTHA HILL JAMISON
SHARON MCCALLY
J. BRETT BUSBY
JOHN DONOVAN
MARC W. BROWN
KEN WISE



# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Chief Justice

KEM THOMPSON FROST

Clerk

CHRISTOPHER A. PRINE
PHONE 713-274-2800

Monday, March 02, 2015

Sanjay Mathur
Mathur Law Offices, P.C.
Mathur Law Building
2989 N. Stemmons Freeway, Suite 1000
Dallas, TX 75247-6102
* DELIVERED VIA E-MAIL *

John Cameron Stevenson
Mathur Law Office PC
2989 N. Stemmons Freeway Suite 1000
Dallas, TX 75247

Marilyn Vilandos
3100 Weslayan, Suite 372
Houston, TX 77027
* DELIVERED VIA E-MAIL *

RE:  Court of Appeals Number:  14-15-00170-CV
     Trial Court Case Number:  12-DCV-201944

Style:  Hindu Ashram, Inc.
        v.
        Sanjay Saran Mathur, Seema Mathur and The Heirs of Ramesh S. Mathur

The district clerk has advised this court that a notice of appeal was filed in this case. Upon assignment of this case to the Court of Appeals, a $195.00 filing fee is now due by the filing party.

This court has a mediation program. Upon perfecting an appeal, the appellant must complete and file a docketing statement which contains a mediation section. The appellee must also complete and file the Court's mediation docketing statement. Both appellant and appellee must file their statements within 15 days of the date of this letter. Failure to comply will be deemed an affirmative response to mediation on behalf of the non-filing party. Our court's docketing statement and mediation docketing statement are available on the court's website at www.txcourts.gov/14thCOA.

Pursuant to this Court's Local Rule 6, **all attorneys** are required to provide the Court with a valid e-mail address when submitting any document to the Court. Notices or other communications about this case will be delivered via email in lieu of mailing paper documents. Paper copies of notices or other communications about this case can be obtained by a party upon written request. Effective December 1, 2012, Rule 9 of the Texas Rules of Appellate Procedure require that all computer generated documents filed with the Court must be in a typeface no smaller than 14-point and must include a certificate of compliance stating the word count of the document being filed. Failure to comply will result in your document being rejected.

CHRISTOPHER A. PRINE, CLERK

EXHIBIT A

Deputy Clerk

# MATHUR LAW OFFICES

### A PROFESSIONAL CORPORATION OF
## ATTORNEYS AND COUNSELORS

March 25, 2015


Marilyn Vilandos
3100 Weslayan, Suite 372
Houston, Texas 75247-6102

Via Fax (713) 214-255-9992


      Re: Hindu Ashram, Inc. v. Sanjay Saran Mathur, Seema Mathur and
         The Heirs of Ramesh S. Mathur

Dear Ms. Vilandos:

I have tried calling your office on several occasions of which the
following dates include: March 16 (called twice; left voice message);
March 17 (secretary stated and informed me that Vilandos is on vacation
for the week and that I should expect a return call); March 19, and
March 23.  Each time I have left a voice message; however as previously
stated on March 17, I received instructions that there would be a return
call.

However, to date, we have received no response.  The purpose of my calls
was to confer with you that the appellate court has no jurisdiction on
the appeal.  Reasons being that our claims against your client survived
summary judgment despite the fact that your client's claims failed.  As
such, the judgment was interlocutory and not subject to appeal.

At this point we will file to vacate the judgment.  We can do this by
agreement with an agreed order to vacate and remand or we can do this by
written motion.  If you do not agree to vacate the appeal and remand for
a trial on our claims in the next seven days, we will file a Motion to
Vacate and Remand. Along with this motion we will Request for Attorney's
and Sanctions as we would have to conclude that your lack of
responsiveness to this most obvious issue is frivolous, unmerited and
based to harass and cost my client money.

We look forward to your written response within the time allotted in
this letter.

Sincerely,
Mathur Law Offices

Christy M. White