

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00100-CV

---

DONALD W. READ                                                                 APPELLANT

V.

TIMOTHY VERBUSKI                                                                 APPELLEE

----------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 048-275890-14

----------

## MEMORANDUM OPINION[1]

----------

Appellant Donald W. Read filed a pro se notice of appeal attempting to appeal the denial of his motion to proceed in forma pauperis. On March 20, 2015, we notified Read of our concern that we might not have jurisdiction over his appeal because there was no final judgment or order subject to appeal and that Read's notice of appeal was premature. *See* Tex. R. App. P.

---

[1]*See* Tex. R. App. P. 47.4.

26.1(a), 27.1(a). We permitted the parties until April 9, 2015, to furnish this court with a signed copy of the order that Read seeks to appeal. We warned the parties that if no such order had been signed and furnished to this court by that date, the appeal would be dismissed for want of jurisdiction. We received an order from the trial court dated April 6, 2015, denying Read's motion to proceed in forma pauperis.[2]

The general rule is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). As an intermediate appellate court, we lack jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). There is no statute authorizing an appeal from an order ruling on a motion to proceed in forma pauperis. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West 2015). Thus, this court lacks jurisdiction to consider this appeal because the trial court's order is a nonappealable interlocutory order. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

---

[2]The order states, "The motion is denied because the same is unnecessary under the current rules of practice. Texas Rules of Civil Procedure 145 provides that a person who is unable to afford cost may proce[ed] in court by filing with the District Clerk an affidavit of indigency."

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DELIVERED:  April 30, 2015