

# NUMBER 13-20-00575-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARIA FERNANDA QUINTANILLA,**                                    **Appellant,**

**v.**

**SUSANA DE LA ROSA,**                                    **Appellee.**

---

### On appeal from the County Court at Law No. 9
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Maria Fernanda Quintanilla appeals the trial court's issuance of a temporary injunction enjoining her from withdrawing money from a BBVA Compass Bank (BBVA) account belonging to Reymundo De La Rosa. By six issues, which we construe as one, Quintanilla contends that the temporary injunction failed to include the reasons

for its issuance and a trial date.[1] We reverse and remand.[2]

## I. BACKGROUND

Quintanilla is twice married to and twice divorced from Reymundo. Despite the marital difficulties, Reymundo kept Quintanilla as the beneficiary on his bank account at BBVA Compass Bank. After Reymundo's death on November 4, 2020, BBVA gave the account to Quintanilla. Appellee Susana De La Rosa sued Quintanilla and BBVA seeking injunctive relief to prevent Quintanilla from withdrawing money from the account. Susan Reymundo's daughter from a different relationship, claimed that Reymundo's failure to remove Quintanilla as the beneficiary was not intentional but erroneous.

The trial court granted a temporary restraining order on November 19, 2020, and scheduled a hearing for the possibility of issuing a temporary injunction for November 30, 2020. The trial court held that hearing and then issued a temporary injunction on

---

[1] Quintanilla's brief listed the issues as follows:

1. Must a temporary injunction expressly and completely comply with TEX. R. CIV. P. 683?

2. If an injunction fails to comply with TEX. R. CIV. P. 683, is it void?

3. Does a temporary injunction which fails to explain the reasons for its issuance comply with TEX. R. CIV. P. 683?

4. Does a temporary injunction which fails to explain the irreparable harm suffered comply with TEX. R. CIV. P. 683?

5. Does a temporary injunction which fails to contain a trial date comply with TEX. R. CIV. P. 683?

6. Is this temporary injunction entered by the trial court, which fails to state the reasons for issuance, the irreparable harm suffered, and a trial date, void for failure to comply with TEX. R. CIV. P. 683?

[2] On March 17, 2021, we carried Quintanilla's motion for submission without appellee's brief with the case. Appellee has not filed a brief in this matter, and we grant the motion.

2

December 21, 2020. The injunction states only the following:

> On the 30TH day of November, 2020, the above numbered and styled case was called. Based upon the pleadings, evidence adduced, records, documents filed by counsel, and the argument of counsel at the hearing, IT CLEARLY APPEARS a temporary injunction is in order:
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that FERNANDA QUINTANILLA, Defendant herein, and all of Defendants' officers, agents, servants, employees, agents, servants, successors and assigns, trustees are ORDERED to immediately cease from withdrawing or expending any funds in BBVA account no. [ ].
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that BBVA COMPASS, Defendant herein, and all of Defendants' officers, agents, servants, employees, agents, servants, successors and assigns, trustees are ORDERED to freeze all currency or funds in BBVA account no. [ ].
>
> Such cause from the date of entry of this order until further order of this Court[.]

On December 21, 2020, Quintanilla filed a notice of appeal.

## II.    ANALYSIS

By her sole issue, Quintanilla contends the temporary injunction is void because it does not list the reasons for its issuance nor contain a trial date in accordance with Rule 683 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 683. We review temporary injunctions on an abuse of discretion standard. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). A trial court abuses its discretion if it rules in an arbitrary manner or without reference to guiding rules and principles. *Id.*; *see Sargeant v. Al Saleh*, 512 S.W.3d 399, 409 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (combined appeal & orig. proceeding).

The rules of civil procedure require every order granting a temporary injunction to: (1) specifically state the reasons for its issuance and state, with reasonable detail and not

3

by reference to the complaint or other document, the acts sought to be restrained; and (2) contain a trial setting date. TEX. R. CIV. P. 683. The procedural requirements of this rule are mandatory. *Qwest Commnc'ns. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). A temporary injunction that does not meet these requirements is "subject to being declared void and dissolved." *Id.* In *Texas Wrecker Service v. Resendez*, relying on *Qwest Communications*, 24 S.W.3d at 337, we held that although both parties had agreed to the injunction, it was void because it did not include a trial date. *See* No. 13-16-00515-CV, 2017 WL 711642, at *4 (Tex. App.—Corpus Christi–Edinburg Feb. 23, 2017, no pet.) (mem. op.) (stating "an order granting a temporary injunction that does not meet this requirement is 'subject to being declared void and dissolved.'"). Similarly, in *Vantage Bank Texas v. Gonzalez*, we held that even if the trial court concluded the party seeking the injunction would suffer irreparable harm, the injunction was void if the court did not recite the facts and include an explanation supporting its conclusion. *See* No. 13-19-00265-CV, 2020 WL 1615662, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 2, 2020, no pet.) (mem. op.) (citing *Good Shepherd Hosp., Inc. v. Select Specialty Hosp.–Longview, Inc.*, 563 S.W.3d 923, 928 (Tex. App.—Texarkana 2018, no pet.) ("If a temporary injunction order fails to comply with the requirements of rule 683 [by failing to include the reasons for its issuance,] it is void.")).

Here, the temporary injunction does not contain any statement explaining the reasons for its issuance, and it does not set a trial date. *See Qwest Commns. Corp.*, 24 S.W.3d at 337; *Shepherd Hosp., Inc.*, 563 S.W.3d at 928; *see also Texas Wrecker Service*, 2017 WL 711642, at *4; *Vantage Bank Texas*, 2020 WL 1615662, at *3.

Therefore, the temporary injunction is void. We sustain Quintanilla's sole issue.

### III.  CONCLUSION

We reverse the trial court's order granting the temporary injunction, we dissolve the injunction, and we remand the cause to the trial court for further proceedings.


JAIME TIJERINA
Justice

Delivered and filed on the
22nd day of July, 2021.