**In The**

***Court of Appeals***

***Ninth District of Texas at Beaumont***

_____

**NO. 09-22-00265-CV**

_____

**IN RE THE CAROLYN S. CLARK IRREVOCABLE LIVING TRUST U/T/A July 28, 2017**

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 19-06-07875-CV and 22-07-09262-CV**

_____

**MEMORANDUM OPINION**

On August 12, 2022, Kristin Wilkinson Guardino and Leonard Guardino filed a notice of appeal from an order the trial court signed on August 21, 2020, an order granting a Traditional Motion for Partial Summary Judgment in Trial Cause Number 19-06-07875-CV. According to the notice of appeal, the August 2020 order became final when, on July 13, 2022, the trial court signed an "Order On Plaintiff's Motion To Sever Trust Reformation Claims," which severed those claims into a separate cause.

1

After the appellants filed their appeal, the Clerk sent the parties a letter asking the parties to state their positions about whether the August 2020 order remained in Trial Cause Number 19-06-07875-CV, or whether the order was severed into Trial Cause Number 22-07-09262-CV, and to explain how the trial court's July 2022 order of severance made the August 2020 order final.

In response to the Court's request, the appellants advised the Court that the July 2022 order severing the claims of the Co-Trustee of the Carolyn S. Clark Irrevocable Living Trust didn't make the trial court's August 2020 order a final order. Instead, the appellants shifted course, claiming they were appealing from the trial court's July 2022 order of severance, claiming that it functioned as a temporary injunction. To support that argument, the appellants cite *Qwest Communications Corporation v. AT & T Corporation*, 24 S.W.3d 334, 338 (Tex. 2000). According to the appellants, we have jurisdiction over appeals from temporary injunctions and they assert "this case involves an appeal of the summary judgment order issued in lieu of" a temporary injunction, making it appealable under Texas Civil Practice and Remedies Code section 51.014(a)(4). We disagree the character and function of the trial court's July 2022 order grants or denies temporary injunctive relief.

In *Qwest*, the Court held it is the nature of the order, not its form that determines an order's classification. *Id*. at 336. After examining the nature of that order, the *Qwest* Court concluded the order functioned "as a temporary injunction[,]"

2

which made the order immediately appealable since the order granted AT & T temporary injunctive relief. *Id*. at 337-38.

But that's not the character or function of the order of severance before us here. The trial court's July 2022 order does not restrain or enforce any actions by anyone. It also does not affect an earlier order the trial court signed on October 8, 2019, in which the trial court did grant the parties' request for temporary injunctive relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (providing for appeal from an interlocutory order that grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction).

We conclude the appellants have not shown the Court has jurisdiction to justify granting them an extension so that the appeal may proceed as an accelerated appeal. *See* Tex. R. App. P. 26.1(b); 26.3. The appeal is dismissed for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a); 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on October 19, 2022
Opinion Delivered October 20, 2022

Before Golemon, C.J., Kreger and Horton, JJ.

3