**Opinion issued June 8, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00785-CV

_____

**WILLIAM SCOTT FLOWERS, Appellant**

**V.**

**SUSAN WALLIS, EXECUTRIX OF THE ESTATE OF AUBREY J. FLOWERS, Appellee**

---

**On Appeal from the County Court
Comal County, Texas[1]
Trial Court Case No. 2022PC0164**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's entry of a temporary injunction. The temporary injunction is void because it did not set a date for trial on the merits.

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Third District of Texas to this Court. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases).

Accordingly, we dissolve the injunction, and we remand the case to the trial court for further proceedings.

## Background

Appellee Susan Wallis is the executrix of her brother's estate. Some of the decedent's bequests of personal property were located at the home of decedent's son, William Scott Flowers, who allegedly claims ownership of the personal property. Wallis sought an ex parte temporary restraining order and temporary injunction, arguing: "There is a genuine dispute regarding the ownership of the property described in the Last Will and Testament of Aubrey J. Flowers and is therefore a question of fact to be determined after trial on the merits." The trial court granted a temporary injunction to prevent William Scott Flowers from denying Wallis entry onto his property where some of the decedent's personal properly was allegedly stored. The temporary injunction did not set a date for trial on the merits.

## Analysis

William Scott Flowers appealed, raising three issues. He argued that the trial court abused its discretion by granting the temporary injunction because there was no pleading supporting a probable right to recovery, no evidence to support the trial court's finding, and the failure to set a trial date rendered the temporary injunction void.

2

Whether to grant a temporary injunction that preserves the status quo for trial is within the discretion of the trial court. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The form of the injunction itself, however, must strictly comply with Rule 683 of the Texas Rules of Civil Procedure. *See Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *see InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (stating that requirements of rule 683 are mandatory and must be strictly followed). Rule 683 states: "Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. This requirement is mandatory, and an order granting a temporary injunction that fails to set the cause for trial on the merits "is subject to being declared void and dissolved." *Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *Hegar v. Zertuche Constr., LLC*, No. 03-19-00238-CV, 2021 WL 219302, at *2 (Tex. App.—Austin Jan. 22, 2021, no pet.) (dissolving temporary injunction order that did not set cause for trial on merits because it was void); *State Bd. for Educator Certification v. Montalvo*, No. 03-12-00723-CV, 2013 WL 1405883, at *2 (Tex. App.—Austin Apr. 3, 2013, no pet.) (mem. op.) (holding that temporary injunction order that does not include trial setting is void).

The order granting a temporary injunction in this case did not set the cause for trial on the merits, instead leaving blank the details in that section of the order.[2] Because the order does not set the cause for trial on the merits, it does not comply with Rule 683, and we hold that the order is void. Because this holding is dispositive, we do not need to reach the other issues on appeal. See Tex. R. App. P. 47.1. We sustain Flowers's third issue.

## Conclusion

We declare the temporary injunction void. We dissolve the temporary injunction, and we remand the case to the trial court for further proceedings.[3]

Peter Kelly
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

---

[2] The order stated:

> IT IS FURTHER ORDERED that trial on the merits of this cause is set on _____ at _____ _____.M in the _____ Judicial ~~District~~ Court of Comal County, Texas.

[3] This dissolution is without prejudice as to future relief the parties may seek.

4