

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00167-CV

_____

NFUSION CAPITAL FINANCE, LLC, Appellant

V.

BS CONCEPTS, LLC, Appellee

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 24-1551-467

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellee BS Concepts, LLC sued appellant nFusion Capital Finance, LLC—and Jason Marcum and Associated Rock Concepts, Inc.—and obtained a temporary injunction enjoining all three from (1) presenting a forged deed of trust to any person or entity involved with the sale of the real property encumbered by that deed of trust; (2) attempting to foreclose on the property; (3) "[m]aking or presenting any claim to any person, party, or entity to any part of the subject property"; and (4) seeking to impede, restrain, or affect the "payment, transfer, exchange[,] or distribution of proceeds from" the property's sale. Only nFusion appealed the trial court's order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4).

On appeal, nFusion contends that (1) the trial court lacked jurisdiction to enter the temporary injunction "because there was no motion, application or other request for such relief before the court" and (2) the temporary-injunction order is void because it does not comply "with both the technical and substantive requirements of Texas Rule of Civil Procedure 683." We need address only the second complaint because the order is void on its face.

Rule 683 of the Texas Rules of Civil Procedure requires an order granting a temporary injunction to set the cause for a trial on the merits. Tex. R. Civ. P. 683; *Armstrong-Bledsoe v. Smith*, No. 2-03-323-CV, 2004 WL 362293, at *2 (Tex. App.—Fort Worth Feb. 26, 2004, no pet.) (mem. op.). This requirement—along with Rule 683's other requirements—is mandatory and must be strictly followed. *Qwest Commc'ns Corp.*

*v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). An order that does not comply with Rule 683's requirements is void. *See, e.g.*, *Williams v. NE CS First Nat'l, LP*, No. 02-23-00086-CV, 2023 WL 4781174, at *2–3 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op.).

Because the temporary-injunction order does not set a date for a trial on the merits, it is void. *See Armstrong-Bledsoe*, 2004 WL 362293, at *1–2. We vacate the trial court's March 28, 2024 order granting the temporary injunction.[1]

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  July 25, 2024

---

[1]Because we vacate the order as void, we need not expressly rule on BS Concepts' letter request to dissolve the temporary injunction, which nFusion opposed.