COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CRYSTAL HENDREN, | § | No. 08-24-00130-CV |
| Appellant, | | |
| | § | Appeal from the |
| v. | | |
| | § | County Court at Law No. 5 |
| GABRIEL LAZAR, | | |
| | § | of El Paso County, Texas |
| Appellee. | | |
| | § | (TC# 2020-DCV-3449) |

## MEMORANDUM OPINION

Crystal Hendren appeals from a trial court order that awards 100% ownership of a home to Gabriel Lazar and requires her to transfer her 50% interest by a date certain. Hendren asserts that, because the order functions as a temporary injunction, an interlocutory appeal is authorized. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). Lazar contends the trial court has already entered a final order in the case and Hendren's appeal is untimely. For the reasons that follow, we disagree with both parties. We dismiss the appeal for lack of interlocutory jurisdiction.

## I. FACTUAL BACKGROUND

On October 26, 2020, Hendren filed an original petition in County Court at Law No. 6, seeking partition of the real property located at 444 San Clemente Drive, El Paso, Texas (the Property). Hendren sought a declaration that the Property was held by her and Lazar as tenants in

common. Lazar answered with a general denial and a counterclaim asserting that he paid all funds to improve the Property and solely paid the mortgage liability. Lazar's counterclaim acknowledged that he and Hendren had executed a Warranty Deed and Deed of Trust for the Property as "co-owners (tenants in common)." He requested the trial court partition the Property by sale and alleged the estimated present value of the undivided tract was $728,360. Lazar moved for temporary orders requiring Hendren pay her fair share of the on-going expenses for the home. Hendren responded that Lazar was actually requesting a temporary injunction but he failed to meet the standards for an interim temporary injunction. Additionally, she moved for summary judgment contending her status as a co-owner was undisputed and that she was entitled to a partition of the Property as a matter of right.

The pending suit was next transferred from County Court at Law No. 6 to County Court at Law No. 5 of El Paso County, which is designated as a court for "Family Cases Only." Following the transfer, Hendren filed an amended petition wherein she alleged that she and Lazar had a valid marriage, she asserted grounds for divorce, and she requested the trial court divide the parties' marital property in a just and right manner. The amended petition also included a reimbursement request for funds or assets expended by the community estate for the benefit of Lazar's separate estate. Finally, Hendren also requested temporary orders concerning the use of the Property.

In June 2021, the trial court signed a two-page, handwritten "miscellaneous order." The trial court's order finds that, after hearing testimony of the parties and witnesses, the "elements of a common law marriage," had not been satisfied; therefore, the court "declares that a marriage does not exist between the parties." Below the judge's signature, the order includes a pre-printed block of text directing the attorneys in the cause to prepare a proposed judgment and appear in

2

court on June 11, 2021 for an entry of judgment. No final judgment appears in our record reflecting the date set for entry of judgment.

On July 30, 2021, the trial court signed another handwritten miscellaneous order. The handwriting states: "in light of the circumstances[,] the court orders Ms. Hendren to vacate [the Property], no later than July 30, 2021, 5:00 p.m. Gabriel Lazar will be responsible for 100% of the mortgage on said property from that point forward." Hendren appealed from the order. Her notice of appeal contended the trial court had erred in issuing a miscellaneous order that operated similarly to a temporary injunction but it failed to meet required elements for imposing injunctive relief. This Court dismissed Hendren's appeal for want of jurisdiction after concluding "the trial court's order was founded in the Family Code, and not chapter 65 of the Texas Civil Practice and Remedies Code[.]" *See Hendren v. Lazar*, 641 S.W.3d 814, 820 (Tex. App.—El Paso 2022, no pet.) (*Hendren I*).[1] The decision further stated that, because a temporary restraining order or temporary injunction may issue "while a suit for dissolution of marriage is pending," that such order is not subject to interlocutory appeal. *Id*. at 818. On that basis, this Court concluded that we lacked jurisdiction over Hendren's appeal. *See id.* (citing Tex. Fam. Code Ann. § 6.502, 6.507).

Subsequently, the parties continued with discovery in the trial court and the case proceeded to a final hearing. On February 16 and 21, 2023, the trial court conducted a two-day final hearing where it heard testimony from three witnesses, Hendren, Lazar, and a neighbor of the parties. On May 1, 2023, the court signed a handwritten order titled, "Order on Final Hearing" (the May 1 Order), awarding 100% of the Property to Lazar and rendering judgment against Hendren in the

---

[1] While the appeal was pending, Hendren asked the trial court to suspend enforcement of the February order. Following a hearing on her motion, the trial court decline to grant Hendren's requested relief "for the safety and welfare of the parties and to avoid further physical and/or verbal confrontations[.]"Hendren filed a notice of appeal as to this order. We dismissed in a separate companion opinion on the same day. *See Hendren v. Lazar*, No. 08-21-00132-CV, 2022 WL 420778, at *1 (Tex. App.—El Paso Feb. 11, 2022, no pet.) (mem. op.).

amount of $87,834.20. The May 1 Order also directed Hendren to sign any necessary documentation to transfer "total interest" in the Property to Lazar no later than May 19, 2023. Also, the order included a notation that "all relief not granted is denied." As before, a pre-printed block of text also directs Lazar's attorney to prepare a proposed judgment by May 31, 2023, at 8:30 a.m., and set the cause for entry of judgment.

On May 19, 2023, Hendren filed a motion for relief from order, or alternatively, additional time to comply. She asserted the trial court had exceeded its authority to act in compelling her to convey her interest in the Property to Lazar and in rendering a monetary judgment against her. She urged the trial court awarded relief not authorized in the statutory cause of action for partition of real property between two or more joint owners. She requested the court "reconsider, and grant relief from," the May 1 Order. Alternatively, the motion stated, "[s]hould the Court choose to not reconsider or grant relief from" the May 1 Order, then Hendren asks the court to set a deadline to sign the transfer documentation after her "deadline to appeal from a final judgment, which the Court has not signed in this case."

On September 22, 2023, the trial court signed a handwritten order titled, "Order on Motion for Relief from Order" (the September 22 order), ordering that 100% of the Property be awarded to Lazar, rescinding the money judgment against Hendren, and ordering Hendren to sign the "necessary documentation to transfer" the Property by October 6, 2023.

Hendren filed a second motion seeking reconsideration. Alternatively, Hendren requested that "[s]hould the Court choose to not reconsider or grant relief from" the order, the court set the deadline to sign the documentation after her "deadline to appeal from a final judgment, which the Court has not signed in this case." On April 30, 2024, the trial court signed an order (the April 30

4

Order) denying Hendren's October 9 motion and giving her 20 business days to comply with the September 22 Order.

Hendren appealed both the September 22 Order and the April 30 Order, and in doing so, she asserted the interlocutory appeal was authorized by Texas Civil Practice & Remedies Code § 51.014(a)(4).

## II. ISSUES ON APPEAL

Hendren brings two issues on appeal. First, she contends the trial court abused its discretion in ordering relief not requested by the parties. Specifically, she contends both she and Lazar requested partitioning of the Property by sale, but the trial court conveyed 100% ownership of the Property to Lazar. Second, Hendren asserts the trial court may not use a community property standard to convey ownership of property unless the owners were married. She urges that, because the trial court found that Hendren and Lazar were not married, that it erred by applying a community property standard to order her to convey property to Lazar.

As a threshold matter, we must first determine whether we have jurisdiction to hear this interlocutory appeal.

## III.  INTERLOCUTORY APPEAL

Generally, appeals may only be taken from final judgments. *Qwest Commun. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) ("An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments."). Interlocutory orders may be appealed only when expressly permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, (Tex. 2001). Section 51.014 of the Texas Civil Practice and Remedies Code contains a list of

5

statutorily authorized interlocutory appeals. Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (a)(1)–(17).

Hendren asserts that jurisdiction is authorized pursuant to § 51.014(a)(4), which permits an appeal of an interlocutory order that grants or refuses a temporary injunction "as provided by Chapter 65." *Id.* § 51.014(a)(4). Chapter 65 of the Texas Civil Practice and Remedies Code sets out the general provisions for issuance of injunctions. *Id.* § 65.001–.045. Responding, Lazar contends the September 22 Order was a final order, not an interlocutory order, and Hendren failed to timely appeal from that order.

In determining our jurisdiction over this appeal, we first review our prior decision. In *Hendren I*, Hendren sought to appeal a miscellaneous order entered by the trial court after it found Hendren failed to establish a common law marriage between her and Lazar. *Hendren*, 641 S.W.3d at 817. The miscellaneous order required her to vacate the Property by a date certain and required Lazar to pay 100% of the mortgage going forward. *Hendren*, 641 S.W.3d at 817. Hendren appealed pursuant to § 51.014, asserting the trial court's order was a temporary injunction. *Id.* at 818. In examining our jurisdiction, we concluded the trial court's temporary order was founded in the Texas Family Code, not the Texas Civil Practice and Remedies Code. *Id.* at 820. In doing so, we looked to the nature of the order and the nature of the case. *Id.* at 819.

The Family Code provides that "[w]hile a suit for dissolution of a marriage is pending . . . the court may render an appropriate order, including the granting of temporary injunction for the preservation of the property and protection of the parties." Tex. Fam. Code Ann. § 6.502. Further, relevant to appellate court jurisdiction, it provides: "An order under this subchapter, except an order appointing a receiver, is not subject to interlocutory appeal." *Id.* § 6.507. From this, we concluded the provisions did not apply while a suit under the Family Code was pending and they

6

*did not* require a preliminary showing of the existence of a marriage to be applied. *Hendren*, 641 S.W.3d at 820.

The record in *Hendren I* showed that the trial court made a finding that there was no proof of a marriage. However, we noted that the divorce suit still remained pending as Hendren did not withdraw her petition and the trial court's decision on the informal marriage was "interlocutory and [was] subject to be revisited by the trial court or challenged on appeal once the case became final." *Id.* Further, we noted the trial court's order was more akin to a family law injunction and not a typical injunction as it did not set a hearing for a permanent injunction or set a bond. *Id.* (citing Tex. Fam. Code Ann. § 6.503 (dispensing with requirement for a bond and setting date for trial on merits)). For this reason, we concluded this Court lacked jurisdiction over Hendren's appeal because the trial court's order was founded in the Family Code and was not subject to interlocutory appeal. *Id.*

On consideration of the record here, we conclude the challenged orders are similarly founded in the Family Code, and not Chapter 65, as we found in *Hendren I.* The factual record of *Hendren I* continues to exist today—that is, Hendren did not withdraw her petition for divorce and the trial court took no action to render a final judgment that included a finding on the existence of a non-ceremonial marriage. The orders at issue, like those in *Hendren I*, do not contain the requirements necessary for a temporary injunction and they appear to operate more as a temporary order under the Family Code. *See* Tex. R. Civ. P. 683 ("Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought."); Tex. R. Civ. P. 684 ("In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant."); *see also* Tex. Fam. Code Ann. § 6.503 (dispensing with requirement for a bond and setting date for

7

trial on merits). Accordingly, this Court lacks jurisdiction to hear Hendren's appeal as an interlocutory appeal under § 51.014(a)(4).

Moreover, we disagree with Lazar's contention that the September 22 Order was a final judgment. Lazar contends the September 22 Order describes with certainty the conveyance of 100% ownership of the Property to him, and he urges it contained finality language and did not require any further action to become final. The trial court ordered Hendren to sign "any necessary documentation" to transfer the Property to Lazar. However, there is no finality language included in the September 22 Order.[2] *See Interest of R.R.K.*, 590 S.W.3d 535, 542–43 (Tex. 2019) ("Absent 'clear and unequivocal' language that the memorandum disposes of all claims and all parties and is appealable, omissions of elements required by section 105.006 raise doubt about an order's finality."); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Accordingly, we disagree with Lazar's argument and conclude the trial court's orders are interlocutory, and not appealable.

## IV.  CONCLUSION

We dismiss the appeal for lack of jurisdiction.

GINA M. PALAFOX, Justice

March 10, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[2] To the extent the May 1 order contains language that "all relief not granted is herein denied," we conclude the order itself was ambiguous and did not qualify as a final order. *See Interest of R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019) ("The particular Mother Hubbard language in this case does not conclusively establish finality because it does not state that the memorandum (1) is a final order; (2) disposes of all claims and parties; and (3) is appealable." (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001)). Moreover, in the May 1 order, the trial court requested the parties to prepare a judgment which indicated its intent that it not be the operative order. *See Perdue v. Patten Corp.*, 142 S.W.3d 596, 603 (Tex. App.—Austin 2004, no pet.). As previously mentioned, the divorce suit remained pending and without a final order from the trial court, the orders are interlocutory.