

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00155-CV

ROBERT R. WIGHTMAN-CERVANTES

APPELLANT

V.

MIKE HERNANDEZ

APPELLEE

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 153-289655-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant Robert R. Wightman-Cervantes attempts to bring an interlocutory appeal from the alleged denial of his motion to dismiss under the

---

[1]*See* Tex. R. App. P. 47.4.

Texas Citizens Participation Act (TCPA).[2]  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), .008(a) (West 2015), § 51.014(a)(12) (West Supp. 2017).  It is undisputed that the trial court never signed an order denying the motion. Wightman-Cervantes filed his notice of appeal believing that his motion was denied by operation of law.  *See id.* § 27.008(a).  But we conclude that it was not.

It is undisputed that the trial court never held a hearing on the motion.  And that fact is fatal to this appeal.  For although the TCPA has a mechanism by which a motion to dismiss can be denied by operation of law, the statute's plain language provides that occurs only if the trial court fails to rule on the motion within thirty days after the trial court's hearing on the motion.  *See id.* §§ 27.005(a) (West 2015), .008(a).  Since the trial court held no hearing on Wightman-Cervantes's motion, it necessarily did not fail to rule on that motion within thirty days after the hearing on the motion.  Thus, Wightman-Cervantes's motion was not denied by operation of law.

Because Wightman-Cervantes's motion was never denied, we lack jurisdiction over this appeal.  *See id.* § 51.014(a)(12) (authorizing an interlocutory appeal from the *denial* of a motion to dismiss filed under the TCPA).  We therefore dismiss this appeal for want of jurisdiction.

---

[2]Wightman-Cervantes has also filed a "Motion for Sanctions for Lying to the Court, and Suborning Perjury" and a "Motion to Stay Trial Court Setting for Trial and to Compel Any Communications to the Trial Court From Appellee's as Potential Evidence of Ex Parte Communications."

## I. BACKGROUND

Appellee Mike Hernandez sued Wightman-Cervantes for defamation. In response, on March 3, 2017, Wightman-Cervantes, acting pro se, filed a motion to dismiss under the TCPA, alleging that Hernandez's suit is based on, related to, or in response to his right of free speech. *See id.* § 27.003. In his motion, Wightman-Cervantes took the position that the trial court should decide his motion by submission because his right to dismissal pursuant to the TCPA was evident from the face of Hernandez's pleadings alone.[3] Forty-eight days later, on April 20, 2017, Wightman-Cervantes filed a motion asking the trial court to set his motion to dismiss for a hearing by submission. In that motion, Wightman-Cervantes asserted that he needed the trial court to rule on his motion and requested it to set the motion for hearing by submission.[4] He also asserted that his motion to dismiss would be denied as a matter of law on May 3, 2017 (sixty-one days after he had filed his motion to dismiss) and that "the denial [would] be appealed as provided for by law." Hernandez filed a response in which he

---

[3]Wightman-Cervantes alleged that his motion "should be taken under submission upon notice to the parties."

[4]Wightman-Cervantes attached a fiat for the court to either grant or deny his motion for the court to consider his motion to dismiss by submission. The trial court did not set his motion to dismiss by submission and did not sign the fiat.

3

objected to the trial court hearing the motion to dismiss by submission.[5] The trial

court did not set a hearing on the motion to dismiss before May 3, 2017.

On May 4, 2017, Wightman-Cervantes filed a notice of appeal in which he

asserted, citing to section 27.008(a) of the TCPA, that his motion to dismiss was

overruled by operation of law on May 3, 2017, because the trial court had not set

a hearing on his motion within sixty days after the date on which he had filed it.

Also on May 4, 2017, Wightman-Cervantes filed a notice of hearing on his motion

to dismiss, which stated that the parties should take notice that the trial court had

set a hearing on the motion to dismiss for May 15, 2017, seventy-three days after

Wightman-Cervantes had filed it. In the notice, however, Wightman-Cervantes

asserted that his motion had already been denied by operation of law pursuant to

section 27.008 of the TCPA, that he had appealed from that alleged denial, and

that the trial court had lost all jurisdiction because he had not filed a motion for

rehearing. Then, on May 11, 2017, Wightman-Cervantes filed a notice of

cancellation of the trial court's scheduled May 15, 2017 hearing on his motion to

dismiss, in which he asserted that he was notifying the court and Hernandez that

he was cancelling the hearing, believing that the trial court had no jurisdiction to

---

[5]We note that rule 3.06(e) of the Tarrant County Local Rules provides, "By agreement, parties may submit matters for ruling by the Judge without a personal appearance and oral presentation." Tarrant (Tex.) Loc. R. 3.06(e). Wightman-Cervantes does not allege that Hernandez agreed to have the trial court consider the motion to dismiss by submission.

have such a hearing because the motion had already been denied by operation of law.

## II. JURISDICTION

Generally, appellate courts have jurisdiction to review a trial court's rulings after entry of a judgment finally disposing of the case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory appellate jurisdiction is an exception to this general rule; it enables appellate courts to review a trial court's ruling while the case is still pending before the trial court. S*ee Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007). As an intermediate appellate court, we lack jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule that appeals may only be taken from final judgments. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000). And we strictly construe statutes authorizing appeals from interlocutory orders. *Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 201 (Tex. App.—Fort Worth 2015, no pet.).

The civil practice and remedies code provides that a person may appeal from an interlocutory order of a district court that denies a motion to dismiss filed under section 27.003. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12). As noted above, Wightman-Cervantes filed his motion to dismiss pursuant to TCPA section 27.003. Thus, whether we have jurisdiction over this appeal depends upon whether that motion was denied.

5

## A. Under The TCPA's Plain Meaning, Wightman-Cervantes' Motion Was Not Denied By Operation of Law

The TCPA protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015). Its purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits. *Id.* at 589 (citing Tex. Civ. Prac. & Rem. Code Ann. § 27.002). And it accomplishes this purpose by establishing a burden-shifting scheme that, if satisfied, results in a relatively expedited dismissal of lawsuits that are meritless within the meaning of the TCPA. *See id.* at 586 (noting TCPA provides a special procedure for the expedited dismissal of meritless lawsuits); *see also Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *4 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.) (noting TCPA provides a burden-shifting procedure for the summary disposition of meritless claims).

A party initiates the TCPA's dismissal procedure by filing a motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). A hearing on a TCPA motion to dismiss generally must be set not later than the sixtieth day after the date of service of the motion. *See id.* § 27.004(a) (West 2015). A hearing may, however, be set more than sixty days after service of the motion (1) if the trial court's docket conditions require a later hearing, (2) upon a showing of good cause, or (3) by agreement of the parties. *See id.* But there is limit: a hearing on a TCPA motion to dismiss may not occur more than ninety days after service

6

of the motion except in cases where the trial court orders limited discovery in accordance with the statute, in which case such a hearing may not occur more than 120 days after service of the motion. *See id.* § 27.004(a), (c).

A trial court must rule on a motion to dismiss "not later than the 30th day following the date of the hearing on the motion." *Id.* § 27.005(a). If the trial court denies the motion, then the moving party may immediately appeal the order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12); *Braun v. Gordon*, No. 05-17-00176-CV, 2017 WL 4250235, at *2 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.). If the trial court does not rule on the motion to dismiss "in the time prescribed by [s]ection 27.005" then "the motion is considered to have been denied by operation of law" and the moving party may immediately appeal. Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a); *Braun*, 2017 WL 4250235 at *2. The "time prescribed by [s]ection 27.005" is "not later than the 30th day following the date of the hearing on the motion." *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(a); *Braun*, 2017 WL 4250235, at *1. Thus, it is the date of the trial court's hearing on the motion to dismiss that starts the clock for the trial court's thirty-day deadline to rule, and only if the trial court fails to rule within that time frame is the motion considered denied by operation of law. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.005(a), .008(a); *Braun*, 2017 WL 4250235, at *1 (concluding that the date of the hearing on a motion to dismiss under chapter 27 triggers the date when the motion will be considered to have been denied by operation of law); *see also Cuba v. Pylant*, 814 F.3d 701, 709

7

(5th Cir. 2016) ("[T]he clock for denial of a TCPA motion by operation of law runs from the date of the hearing.").

In sum, section 27.005 provides that the trial must rule on a motion to dismiss "not later than the 30th day following the date of the hearing on the motion." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(a). It is only if the trial court fails to rule on the motion "in the time prescribed by [s]ection 27.005" that the motion is considered to have been denied by operation of law. *See id.* § 27.008(a). The trial court did not hold a hearing on Wightman-Cervantes's motion to dismiss. Thus, based upon statute's plain language, the trial court did not fail to rule on the motion "in the time prescribed by [s]ection 27.005." *See id.* §§ 27.005(a), .008(a); *see also Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 494 (Tex. 2013) (noting that the "primary objective in construing a statute is to ascertain and give effect to the Legislature's intent" and that "[t]he plain meaning of the text, given the context of the statute as a whole, provides the best expression of legislative intent"). Therefore, applying the statute's plain language, Wightman-Cervantes's motion to dismiss was not denied by operation of law under section 27.008(a). *See Braun*, 2017 WL 4250235, at *2, *4 (concluding that because the trial court did not hold a hearing on the movant's TCPA motion to dismiss, the motion was not denied by operation of law); *Cuba*, 814 F.3d at 709–10 (same).

8

## B. ABSURDITY

Wightman-Cervantes argues that we should not apply the plain meaning of section 27.008(a) because doing so would lead to an absurd result. *See Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011) ("The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results."). Specifically, he contends that applying section 27.008(a)'s plain meaning would enable a trial court to deny a defendant the right to an early dismissal of a frivolous suit that falls within the TCPA's purview by refusing to hold a hearing on the motion. And he suggests this case proves that point: he maintains that the trial court flatly refused to set his motion to dismiss for hearing within sixty days after he filed the motion.

### 1. The Trial Court Did Not Refuse to Timely Set Wightman-Cervantes's Motion

First, we note that the record does not support Wightman-Cervantes's contention that the trial court flatly refused to timely set a hearing on his motion to dismiss. Rather, what the record shows is that Wightman-Cervantes believed that under the TCPA, the trial court was to set his motion for hearing by submission rather than setting it for an oral hearing. So, that is what he asked for in his March 3, 2017 motion to dismiss, as well as his April 20, 2017 motion to set his motion to dismiss for hearing by submission. But the TCPA does not

9

mandate that the trial court consider a motion to dismiss by submission.[6]  As noted above, Hernandez never agreed to have the motion heard by submission, and although the trial court could have heard the motion to dismiss by submission in the absence of an agreement, it did not.  Finally, nothing in the record indicates that Wightman-Cervantes ever requested the trial court to set the motion to dismiss for an oral hearing by the sixtieth day after he filed his motion to dismiss.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.004(a) (providing that generally, a hearing on a motion to dismiss under the TCPA "must be set not later than the 60th day after the date of service of the motion").  Thus, based on the record, Wightman-Cervantes never made a proper request for the trial court to set his motion to dismiss for hearing by May 2, 2017, the sixtieth day after he filed his motion to dismiss.

Additionally, as mentioned above, the TCPA provides that the trial court may set a hearing on a motion to dismiss more than sixty days after the motion was served in cases where it has not allowed discovery as provided by the statute if "the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties," so long as the hearing does not occur more than ninety days after the motion to dismiss was served.

---

[6]Both in the trial court and in his briefing in this appeal, Wightman-Cervantes cited to section 27.006(a) to argue that the TCPA mandates the trial court consider a motion to dismiss by submission.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006.  It does not.  Section 27.006(a) merely provides what evidence the trial court must consider in deciding a motion to dismiss.  *See id.* § 27.006(a).

Tex. Civ. Prac. & Rem. Code Ann. § 27.004(a), (c).[7]   Here, on May 4, 2017, Wightman-Cervantes filed a notice that the trial court had set a hearing on his motion to dismiss for May 15, 2017, seventy-three days after he had filed his motion to dismiss.   The record does not show that Hernandez agreed to this hearing, and neither party asserted that good cause warranted a later hearing. *Id.* § 27.004(a).  But the TCPA authorized the trial court to set that hearing if its docket conditions required it do so and the hearing did not occur more than ninety days after Wightman-Cervantes served his motion to dismiss.  *See id.* The trial court scheduled the hearing to occur less than ninety days after the motion was served, and had that hearing gone forward, the trial court could have made a finding that its docket conditions had required it to set the hearing more than sixty days after the motion was served.  *See id.*; *cf. Schimmel v. McGregor*, 438 S.W.3d 847, 854 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (considering interlocutory appeal from trial court's order denying TCPA motion to dismiss under a prior version of the statute, which order, among other things, included a finding that the trial court's docket conditions prevented the scheduling of a hearing on the motion within thirty days after it had been filed).   But Wightman-Cervantes asked the trial court to cancel the scheduled May 15, 2017 hearing.  Because no hearing was held, the TCPA motion was not denied by operation of law.

---

[7]The trial court did not allow discovery as provided by section 27.004(c). *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.004(c).

Thus, the record shows that a hearing on Wightman-Cervantes's motion did not occur in this case because of Wightman-Cervantes's own conduct, not because the trial court flatly refused to set one.

## 2. The Plain Meaning of Section 27.008(a) Does Not Result in Absurdity

We also disagree with Wightman-Cervantes's contention that it is absurd that a trial court's failure to timely set and hold a hearing on a movant's motion to dismiss results in the motion not being denied by operation of law, thereby precluding the movant from bringing an interlocutory appeal. The TCPA provides a party with a means to obtain a relatively expedited dismissal of a lawsuit that is meritless under the TCPA. *See Lipsky*, 460 S.W.3d at 586. To reap the benefit of that protection, a party must comply with the statutory requirements to file a motion to dismiss, and to obtain a hearing on that motion, within the deadlines specified in the TCPA. *Braun*, 2017 WL 4250235 at *3. If a party fails to satisfy these requirements, then it forfeits the statute's protections. *Id.* As our sister court observed in *Braun*, this result is consistent with the TCPA's second purpose of "protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* (quoting Tex. Civ. Prac. & Rem. Code Ann. § 27.002). For if a movant forfeits the TCPA's protections by failing to obtain a timely hearing on his motion to dismiss, then the case can proceed without the delay of an interlocutory appeal. *See id.*

### III. CONCLUSION

Wightman-Cervantes attempts to bring an interlocutory appeal from the trial court's denial of his TCPA motion to dismiss. The trial court did not expressly deny that motion. And because the trial court did not hold a hearing on that motion, it was not denied by operation of law. Thus, there is no order from which Wightman-Cervantes may appeal, and we lack jurisdiction. Accordingly, we dismiss this appeal, as well as Wightman-Cervantes's "Motion for Sanctions for Lying to the Court, and Suborning Perjury" and his "Motion to Stay Trial Court Setting for Trial and to Compel Any Communications to the Trial Court From Appellee's as Potential Evidence of Ex Parte Communications." *See* Tex. R. App. P. 43.2(f).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: SUDDERTH, C.J.; GABRIEL and PITTMAN, JJ.

DELIVERED: February 9, 2018